# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01394-LTB/GPG


DARWYNN L. BARWICK _____, Plaintiff

v.

BROADWAY LOFTS LLC. _____,


PACIFICAP MANAGEMENT _____,


ASHLEY WILLIAMS _____,


CHAD I. RENNAKER _____,
Defendant(s).

*"see attached"*

*(List each named defendant on a separate line .If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

## COMPLAINT

---

### NOTICE

FederalRuleofCivilProcedure5.2addressesthe privacyandsecurityconcernsresultingfrompublic access to electronic court files.Under this rule, papers filed with the court should notcontain: an individual's full social security number or full birth date; the full name of a personknown to be a minor; or a complete financial account number.A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials;andthelast fourdigits ofafinancialaccount number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any othermaterialsto theClerk'sOfficewith this complaint.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Plaintiff's additional defendants' attachment Page 2 of 2.

Civil Action No. 21-cv-01394-LTB/GPG

DARWYNN L. BARWICK_____,
 Plaintiff

v.

 SALVADOR RAI VALLES_____

JOEL ZAVALA JR._____

DENISE HINOJOS_____

VIOLETA K. VITKOVA_____

GUS QUINONEZ_____
 Defendant (s).


*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

Civil Action No.21-cv-01394-LTB/GPG

## A.   PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

DARWYNN L. BARWICK 3773 Walnut Street Apt. #403 Denver, Colorado 80205

 (303) 419-8950 , darwynnbarwick@yahoo.com

## B.   DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B.DEFENDANT(S) INFORMATION."*

Defendant1: BROADWAY LOFTS LLC.2330 Broadway Street Suite 106 Denver, Colorado,

80205. (303) 298-1329 e-mail address unknown ,

Defendant 2: PACIFICAP MANAGEMENT 412 NW 5TH Avenue Suite 200 Portland  Oregon,

97209, (303) 427-3039 e-mail address unknown ,

Defendant 3: ASAHLEY WILLIAMS 2330 Broadway Street Suite 106 Denver, Colorado ,

80205, (303) 298-1329 e-mail address unknown ,

Defendant 4: CHAD I. RENNAKER 2330 Broadway Street Suite 106 Denver, Colorado ,

80205, (303) 298-1329 e-mail address unknown ,

2

Civil Action No.21-cv-01394-LTB/GPG
*"B.DEFENDANT(S) INFORMATION."* Page 2 of 2.

Defendant 5: SALVADOR RAI VALLES 445 N. Broadway Street Suite 31 Denver, Colorado,

80203 (303) 298-1329 e-mail address unknown                          ,

Defendant 6: JOEL ZAVALA JR.445 N. Broadway Street Suite 31 Denver, Colorado          ,

80203 (303) 298-1329 e-mail address unknown                          ,

Defendant 7: DENISE HINOJOS DENIESE HINOJOS 420 W. 12th Ave. Unit 908, Denver          ,

Colorado 80204 (303) 255-5774   e-mail unknown                          ,

Defendant 8: VIOLETA K.VITKOVA 2019 Via Firenze, Henderson Nevada 89044          ,

(702) 363-3809  e-mail  vvitkova@pmiforward.com                          ,

Defendant 9: GUS QUINONEX 4336 Steele Street Denver, Colorado 80216          ,

Telephone number unknown e-mailGquinonez69@yahoo.com,gus.quinonez@hotmail.com,

## C.   JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

[x]   Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

<u>Plaintiff, Darwynn L. Barwick is alleging a continuing pattern of racially discriminatory conduct in violation of the Civil Rights Act of 1866, 42 U.S.C. §§ 1981, 1982, and the Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19 ("FHA").42 U.S.C. §3613(a)-(b) and by 28 U.S.C §§ 1331, 1337, 1343, and 2201. The Court also has supplemental jurisdiction under 28 U.S.C § 1368(a) Housing Discrimination.</u>

[X]   Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of <u>Colorado</u>

Defendant 1  BROADWAY LOFTS LLC.  is a <u>corporation</u>

Defendant 1 is incorporated under the laws of <u>Colorado</u>

Defendant 2 PACIFICAP MANAGEMENT is a <u>corporation</u>

Defendant 2 is incorporated under the laws of <u>Colorado</u>

Defendant 3 ASHLEY WILLIAMS is an <u>individual</u>

Defendant 3 is a citizen of <u>Colorado</u>

Defendant 4 CHAD L. RENNAKER is an <u>individual</u>

Defendant 4 is a citizen of <u>Colorado</u>

3

Civil Action No.21-cv-01394-LTB/GPG

*(If more than one defendant is named in the complaint, attach an additional pageproviding the same information for each additional defendant*

## C.    JURISDICTION    .

Pg 3. (cont.)

Defendant 5 SALVADOR RAI VALLES is an <u>individual</u>

Defendant 5 is a citizen of <u>Colorado.</u>

Defendant 6 JOEL ZAVALA JR. is an <u>individual.</u>

Defendant 6 is a citizen of <u>Colorado.</u>

Defendant 7 DENISE HINOJOS is an <u>individual.</u>

Defendant 7 is a citizen of <u>Colorado.</u>

Defendant 8 VIOLETA K. VITKOVA is an <u>individual.</u>

Defendant 8 is a citizen of <u>Nevada.</u>

Defendant 8 GUS QUINONEZ is an <u>individual.</u>

Defendant 8 is a citizen of <u>Colorado.</u>

Civil Action No.21-cv-01394-LTB/GPG
*"D. STATEMENT OF CLAIMS."* pg.3 of 7.

CLAIM ONE: D. Colorado Revised Statutes Title 38. Property Real and Personal § 38-12-103.

Return of security deposit

 Supporting facts:

D6. It is a fact that Plaintiff Barwick has not received a written statement or the difference between any sum deposited and the amount retained from Defendant's Community Manager Ashley Williams, Regional Manager Violeta Vitkova**,** Chad I. Rennaker and Broadway Plaza lofts LLP. Managed by PacifiCap Management Inc. When the statement is delivered, it shall be accompanied by payment of the difference between any sum deposited and the amount retained. Plaintiff submits that the Defendant's all are in violation of state law CRS § 38-12-103 Return of security deposit.

CLAIM ONE: D, Conversion CRS §4-3-420 / Elements of Conversion

Supporting facts

D1. Plaintiff Barwick submits that it is a fact that under state law <u>CRS §4-3-420 / Elements of Conversion</u>. Conversion is a tort that exposes you to liability for damages in a civil lawsuit. It applies when someone intentionally interferes with personal property belonging to another person. To make out a conversion claim, a plaintiff must establish four elements: First, that the plaintiff **owns or has the right to possess the personal property** in question at the time of the interference; Second, that the defendant **intentionally interfered with** the plaintiff's personal property (sometimes also described as exercising "dominion and control" over it);Third, that the interference **deprived the plaintiff of possession or use** of the personal property in question; and Fourth, that the interference **caused damages** to the Plaintiff.

D2. Plaintiff Barwick submits that it is a fact that on January 2, 2018, plaint notified the Broadway Plaza Lofts Property Manager Denise Hinojos and then Assistant Manager Joel Zavala Terrilyn Ereodo's and his trip to New Orleans for Mardi Gras and sent a copy of our itinerary to the Manager and then Assistant Manager Joel Zavala via e-mail on January 2, 2018. Plaintiff notified them that Megan Clark would be caring for my emotional assistance animals while we were away. Upon our return Plaintiff noticed that a grocery cart was missing from apt along with other things. On Feb-14-2018 Plaintiff called Officer Brian Long responded I told him of the theft he said, "I'll do a report but you'll have give a detailed description of everything that was taken plaintiff gave him the eyeglasses that were missing 2 pairs of Ray bans and a pair of Parkers. Then Property Manager Denise Hinojos allowed the Plaintiff to review the surveillance tapes as there were 4 cameras on his floor for 2 days with defendant's then secretary Arnell whose brother was then Assistant Manager Joel Zavala.; On Feb-14-2018 Plaintiff called DPD Officer Brian Long responded I told him of the theft he said, "I'll do a report but you'll have give a detailed description of everything that was taken plaintiff gave him the eyeglasses that were missing 2 pairs of Ray bans and a pair of Parkers. Then Property Manager Denise Hinojos allowed the Plaintiff to review the surveillance tapes as there were 4 cameras on his floor for 2 days with defendant's then secretary Arnell whose brother was then Assistant Manager Joel Zavala. Plaintiff Submits that the Defendant's Property Manager Denise Hinojos, Regional Manager Violeta Vitkova**,** Chad I. Rennaker and Broadway Plaza lofts LLP. Managed by PacifiCap Management Inc. knew or should have known of this incident.

Civil Action No.21-cv-01394-LTB/GPG
*"D. STATEMENT OF CLAIMS."* pg.4 of 7.

CLAIM ONE: <u>D, Conversion CRS §4-3-420 / Elements of Conversion</u>

Supporting facts
D2 (Cont.) In April 2018 Plaintiff saw Assistant Manager Joel Zavala wearing a pair the glasses that had been reported stolen on 2 occasions. 1st Plaintiff Barwick **owns or has the right to possess the personal property** in question: they are his prescription glasses 2nd that the Defendant's both Joel Zavala and significant other Salvador Rai Valles **intentionally interfered with** the plaintiff's personal property (sometimes also described as exercising "dominion and control" over it by having Plaintiff Barwick's prescription glasses in their home for their use and not his own.); 3rd , that the interference **deprived the Plaintiff of possession or use** of his prescription glasses the personal property in question; and 4th, that the interference **caused damages** to the Plaintiff by the fact that he couldn't see forcing him to buy readers damaging his eyesight. Plaintiff submits that it a fact that at the time the glasses disappearances they lived together on the 9th floor making them both guilty of state law CRS §4-3-420 / Elements of Conversion. Plaintiff Submits that the Defendant's Property Manager Denise Hinojos, **Regional Manager Violeta Vitkova, Chad I. Rennaker and Broadway Plaza lofts LLP. Managed by PacifiCap Management Inc.** knew or should have known of this incident and should have known of the incidences as the Plaintiff reported them to management as well as the Police.

D3.(Cont.) Plaintiff submits that he was unable to report all that was missing at that time but at a later time did to DPD Officer Alex Enriquez, on 10/15/2018. Plaintiff submitted the following items as stolen: Claim DPD Case No: 18-303696 :Black Silk Pajamas $200.00 2 sets of Dominos African Hat Orange, Blue & Mustard, 1 Silver in color dish washing rack $10.00, My "Original Certificate of Live Birth" from Dayton, Ohio 2 Knives 1 Hunting with Metal Flake Green inlayed in silver $200.00 (very sharp little rust) White Switchblade $150.00, Tag Hauler watch $ 1500.00,Wittnauer Watch $634.94, Argyle/Camouflage NY Black & Green Baseball Cap size 7 ¼ $50.00, 2 Football Jerseys Deion Sanders Dallas Cowboys, Combs Philadelphia Eagles both throwbacks $600.00 Socket set $75.00 grey case, 2 pair of gloves 1 rust colored 1, brown Pair $150.00. 1, Pair of Ralph Lauren Boots Black with leather laces size 13 $150.00,Black Patent Leather Retro Michael Jordan's size 12, 21,000 Pair of Gold Dress shoes size 12 mesh like on the sides square toe with a slight imperfection in the mesh and white stitching $250.00., 1 pair of Floris Van Bommel's Brown 350.00. 2 pair of Kenneth Coles both Black Monk Oxfords both size 12, 1 pair square toed the other round of 170.00 each 1 pair Doc Martens Fisherman sandals brown gummy sole with beige stitching size 12, $80.00 Gordon Rush Fisherman sandals black with white stitching size 12 $120.00, Steve Maddens Black square toed soft leather $55.00, Apt 9 black boot size 12,$100.00. Guess shoe brown with gold Guess covering the shoe size 11, $80.00. Black & Grey Boot 11 ½, 4, Yamaha small black surround sound speakers & larger rear speaker with a grey face $400.00 all missing from my apt approximately 2 1/2 weeks after our return.My Family Pictures 1 Mandalay Bay blk leather travel bag, Tag Hauler watch $1500.00 $200.00 Black Silk Pajamas $200.00 2 sets of Dominos African Hat Orange, Blue & Mustard $60.00 Black Onyx Ring Silver Ring, 2 Silver in color dish washing racks $20.00, Original Certificate of Live Birth, 2 Knives 1 Hunting with Metal Flake Green inlayed in silver $200.00 (very sharp little rust) White Switchblade $150.00, Tag Hauler watch $ 1500.00, Wittnauer Watch $634.94 =$27,505.00 Plaintiff Submits that the Defendant's Property Manager Denise Hinojos, **Regional Manager Violeta K. Vitkova, Chad I. Rennaker and Broadway Plaza lofts LLP. Managed by PacifiCap Management Inc.** knew or should have known of this incident. Plaintiff Barwick submits the fact that none of these items have been returned nor has he been compensated for any of them.

Civil Action No.21-cv-01394-LTB/GPG
*"D. STATEMENT OF CLAIMS."* pg. 5 of 7.

CLAIM ONE: <u>D, Conversion CRS §4-3-420 / Elements of Conversion</u>

Supporting facts

D3 (Cont.) Plaintiff submits that he told the Defendant's Regional Manager Violeta Vitkova who asked, "Didn't you have insurance?"Plaintiff stated, "it wouldn't make a difference if I did as there was no sign of forced entry." Plaintiff Barwick submits the fact that after his response the phone either dropped the call or she hung up. Plaintiff submit that this is not only a violation of state laws C.R.S §4-3-420 / Elements of Conversion laws Colorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment, but a violation of federal law Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19 ("FHA") add to request for relief Policy limits! Plaintiff Barwick submits that the Defendant's then Property Manager Denise Hinojos Regional Manager Violeta Vitkova, Chad I. Rennaker and Broadway Plaza lofts LLP. Managed by PacifiCap Management Inc. knew or should have known of this incident. Plaintiff submit that this is not only a violation of state laws C.R.S §4-3-420 / Elements of Conversion laws Colorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment, but a violation of federal law Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19 ("FHA")

D4. Plaintiff Barwick submits that it is a fact In April 2018 Plaintiff saw the Maintenance Supervisor Francisco in the 1st floor garage while walking with his girlfriend. Francisco walked up us as if he was going to speak but did not constantly tugging at his hat. Plaintiff submits that it was his hat,.1st Plaintiff Barwick **owns or has the right to possess the personal property** in question his hat and 2nd Francisco **intentionally interfered with** the plaintiff's personal property (sometimes also described as exercising "dominion and control" over it by having Plaintiff Barwick's hat in their home for their use and not his own.);3rd, that the interference **deprived the Plaintiff of possession or use** of his own the personal property in question his hat that a few days later it was left Plaintiff's apt in the middle of the floor; and 4th, that the interference **caused damages** to the Plaintiff by the fact that he or girlfriend couldn't feel safe and didn't feel safe in his own home.

D5.Plaintiff submits it's a fact that on May 16, 2018 Plaintiff was using a pair of readers to see the small print on a cake box when his emotional assistance animal had to go outside. 1st Plaintiff Barwick **owns or has the right to possess the personal property** in question his hat Plaintiff put his glasses on the counter and took the dog out upon his return the glasses as well as the case they came in was gone. 2nd Someone in the Defendant employ who possessed a key and came in the Plaintiff's Apartment and **intentionally interfered with** the plaintiff's personal property (sometimes also described as exercising "dominion and control" over it by having Plaintiff Barwick's reading glasses in their home for their use and not his own.) Plaintiff Barwick then called Det. Patrick Walker of D.P.D. notifying of the burglary and he stated, "Are you going to Bitch about a $2.00 pair of glasses?" 3rd,that the interference **deprived the Plaintiff of possession or use** of his own the personal property in question his readers Plaintiff stated, "yes but my main concern is the fact that someone is coming into my home and taking things with no signs of forced entry oh and by the way the glasses are "Eyeballers" and they are valued at $100.00." 4th that the interference **caused damages** to the Plaintiff by the fact that he or girlfriend couldn't feel safe and didn't feel safe in his own home. Plaintiff submits that this is not only a violation of state laws C.R.S §4-3-420 / Elements of Conversion laws Colorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment, but a violation of federal law Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19 ("FHA")

Civil Action No.21-cv-01394-LTB/GPG
*"D. STATEMENT OF CLAIMS."* pg. 6 of 7.


## D.  STATEMENT OF CLAIM(S) (Cont)

CLAIM ONE: <u>D. Conversion CRS §4-3-420 / Elements of Conversion</u>

Supporting facts:

D5.(Cont.) Plaintiff submits it's a fact that on May 19, 2018 Plaintiff Barwick and his girlfriend the mother-in-law of recently appointed Judicial Officer were asleep in the waiting on the wedding of Megan Markle and Prince Harry in London, England. Plaintiff Barwick supplemented his diet through a food bank and had received produce carrots and the like but she and he went to King Soopers to get breakfast food prior to going to bed. Plaintiff Barwick set his alarm for 3:00 am but woke up early and went to the refrigerator to get something to drink only to find the glasses sitting on top the bacon he just bought that he had reported to Det. Patrick Walker of D.P.D. earlier in the week. Plaintiff Barwick immediately called the police. Two D.P.D Officer's responded Officer Brian Long one a White Male whom I knew because he was the D.P.D Officer who responded to the theft of Plaintiff Barwick's property while he was in New Orleans the other was Hispanic and also Male and he took the lead.  Plaintiff explained the situation and showed him the evidence as it sat in his refrigerator. The officer appeared visually agitated and said, "Here's your glasses somebody's just fucking with you!" Plaintiff responded, "fucking with me hell I am paying rent!"I then told them, "that I am not by myself." That's when my girlfriend appeared in the bedroom doorway and stated no he's not. As the glasses where in a leather case the plaintiff asked if they would test for fingerprints the lead officer declined and initially declined to even do a report. Plaintiff had his girlfriend bag the evidence using tongs while he video taped the incident. Plaintiff submits that this is not only a violation of state laws C.R.S §4-3-420 / Elements of Conversion laws Colorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment, but a violation of federal law Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19 ("FHA")


D6 It is a fact that under CRS §4-3-420/Elements of Conversion, Plaintiff Barwick was entitled to his security deposit deposited in the amount of $500.00 with the Defendant's Community Manager Ashley Williams, Regional Manager Violeta Vitkova, Chad I. Rennaker and Broadway Plaza lofts LLP. Managed by PacifiCap Management Inc. and under § 38-12-103. It is a fact that Plaintiff Barwick has not received a written statement or the difference between any sum deposited and the amount retained. When the statement is delivered, it shall be accompanied by payment of the difference between any sum deposited and the amount retained. Plaintiff submits the fact that no statement has been delivered; no payment has been made to Plaintiff Barwick of the difference between any sum deposited and the amount retained to date. Plaintiff further submits the fact that the Defendant's have violated state law CRS §4-3-420 / Elements of Conversion, state law CRS § 38-12-103 Return of security deposit, and the federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment, but a violation of federal law Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19 ("FHA") That's when my girlfriend appeared in the bedroom doorway and stated no he's not. As the glasses where in a leather case the plaintiff asked if they would test for fingerprints the lead officer declined and initially declined to even do a report. Plaintiff had his girlfriend bag the evidence using tongs while he video taped the incident. Plaintiff submits that this is not only a violation of state laws C.R.S §4-3-420 / Elements of Conversion laws Colorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment, but a violation of federal law Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19 ("FHA")

Civil Action No.21-cv-01394-LTB/GPG
*"D. STATEMENT OF CLAIMS."* pg. 7of 7.

## D.   STATEMENT OF CLAIM(S) (Cont)
CLAIM ONE: <u>D. Conversion CRS §4-3-420 / Elements of Conversion</u>

D6(Cont.) It is a fact that under CRS §4-3-420/Elements of Conversion, Plaintiff Barwick was entitled to his security deposit deposited in the amount of $500.00 with the Defendant's Community Manager Ashley Williams, Regional Manager Violeta Vitkova, Chad I. Rennaker and Broadway Plaza lofts LLP. Managed by PacifiCap Management Inc. and under § 38-12-103. It is a fact that Plaintiff Barwick has not received a written statement or the difference between any sum deposited and the amount retained. When the statement is delivered, it shall be accompanied by payment of the difference between any sum deposited and the amount retained. Plaintiff submits the fact that no statement has been delivered; no payment has been made to Plaintiff Barwick of the difference between any sum deposited and the amount retained to date. Plaintiff further submits the fact that the Defendant's have violated state law CRS §4-3-420 / Elements of Conversion, state law CRS § 38-12-103 Return of security deposit, and the federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment, but a violation of federal law Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19 ("FHA")
Supporting facts D5.(Cont)


D7. It is a fact that since 10/01/2013 the Plaintiff has always paid his rent to Defendant's Property Manager Denise Hinojos, Community Manager Ashley Williams, Regional Manager Violeta Vitkova, Chad I. Rennaker and Broadway Plaza lofts LLP. Managed by PacifiCap Management Inc., on or before the 4th of each month. It's also a fact that the Plaintiff as the Defendant's tenant he has never been made to pay a late fee on his portion of the rent that the Defendant's It is a fact that since 10/01/2013 Defendant's Property Manager Denise Hinojos required Plaintiff Barwick to pay by money order only causing him additional expense of $2.00 per month from October 1, 2013 until August 31, 2020 costing him an additional 336.00 over the 7 yrs., he was the Defendant's all tenant whereas others were allowed to pay their rent by check. Plaintiff Barwick submits the fact that this violated state law CRS §4-3-420 / Elements of Conversion and the federal law Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19 ("FHA")

No.21-cv-01394-LTB/GPG
*"D. STATEMENT OF CLAIMS."* Pg 10 of 10.

**D   STATEMENT OF CLAIM(S)**

CLAIM TWO: <u>Civil Rights Act of 1866, 42 U.S.C. §§ 1981, 1982, and the Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19 Harassment and Liability for Discriminatory Housing Practices Under the Fair Housing Act.("FHA").</u>

Supporting Facts: D39. Plaintiff submits that it is a fact that on In March 2018 Plaintiff saw the Maintenance Supervisor Francisco in the 1st floor garage while walking with his girlfriend. Francisco walked up us as if he was going to speak but did not constantly tugging at his hat Plaintiff submits that it was his hat and that a few days later it was left his apt in the middle of the floor. Plaintiff Barwick submits the fact that this is a violation state laws Colorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary CRS §4-3-420 / Elements of Conversion and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment

D40.Plaintiff submits that it is a fact that on May 16, 2018 Plaintiff was using a pair of readers to see the small print on a cake box when his emotional assistance animal had to go outside. Plaintiff put his glasses on the counter and took the dog out upon his return the glasses as well as the case they came in was gone. Plaintiff Barwick. Plaintiff Barwick submits the fact that this is a violation state lawsColorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglaryCRS §4-3-420 / Elements of Conversion and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment

D41.It is a fact that Plaintiff then called Det. Patrick Walker of D.P.D. notifying of the burglary and he stated, "Are you going to Bitch about a $2.00 pair of glasses?" Plaintiff stated, "yes but my main concern is the fact that someone is coming into my home and taking things with no signs of forced entry oh and by the way the glasses are "Eyeballers" and they are valued at $100.00." Plaintiff Barwick submits the fact that this is a violation state laws Colorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary CRS §4-3-420 / Elements of Conversion and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment.

5

Civil Action No.21-cv-01394-LTB/GPG

pg.1 of 1.

**D   STATEMENT OF CLAIM(S)**

CLAIM TWO: <u>Civil Rights Act of 1866, 42 U.S.C. §§ 1981, 1982, and the Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19 Harassment and Liability for Discriminatory Housing Practices Under the Fair Housing Act.("FHA").</u>

Supporting Facts:

D1.Plaintiff submits that it is a fact that on 09/24/2021 Ashley Williams Community Manager (BRPL)"pmbroadwayplazalofts@pmiforward.com left a voice message on plaintiff's cell phone, "Hi darlin' this is Ashley from Broadway Plaza lost in the leasing office I wanted to give you a call because you have a balance due of almost $2000 and I see that your housing ___ ___ paid him their payment _____ portion and neither did you I was calling to see um if the housing is not paying anymore um or what's going on can you please call me back at 303-298-1329 thank you...". Plaintiff Barwick submits the fact that this is a violation state laws Colorado Revised Statutes Title 18.Criminal Code §18-9-111 and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment.

D2Plaintiff submits that it is a fact that on Fri, Dec 4, 2020 at 2:41 PM, Ashley wrote: Darwynn, Please see attached the move out pictures taken from your apartment 607. As I stated to you this am when we spoke, and in email. I would like to void the check that was sent to your last known address here at Broadway as you previously refuse to give me a new forwarding address for you. All of the other issues you are claiming are new to me. Do you have police reports for them?  Thank you, Ashley Plaintiff Barwick submits the fact that this is a violation state laws CRS § 38-12-103. Return of security deposit, Colorado Revised Statutes Title 18.Criminal Code §18-9-111 and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment.

D3 Plaintiff submits that it is a fact that on Fri, Dec 4, 2020 at 2:41 PM, Ashley wrote: Darwynn, Please see attached the move out pictures taken from your apartment 607. As I stated to you this am when we spoke, and in email. I would like to void the check that was sent to your last known address here at Broadway as you previously refuse to give me a new forwarding address for you. All of the other issues you are claiming are new to me. Do you have police reports for them?  Thank you, Ashley Plaintiff Barwick submits the fact that this is a violation state laws CRS § 38-12-103. Return of security deposit, Colorado Revised Statutes Title 18.Criminal Code §18-9-111 and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment.

D4 Plaintiff submits that it is a fact that on Fri, Dec 4, 2020 at 10:33 AM Plaintiff emailed: Defendant's Ashley Williams Community Manager (BRPL) and Violeta Vitkova defendant's Regional Manager vvitkova@pmiforward.com and Lindsay Jasper their attorney, Re: FAS form Broadway Demand Letter Yahoo. Ashley, I did not skip first and for most you guys were timely given notice to quit and I and Section 8 gave you such. My apartment was cleaned professionally before I left so I'm very interested in seeing any pictures that you may claim to have that would allow you to keep any portions of my deposit. With regard to my new address and your attempts to properly return my deposit within the time allotted by law please send me any information you have with regard to that today as I did do and you authorized our walk-through with your then assistant. Gus gave me a copy of my file and I noticed where someone had signed my name as though they were me as I said before please have your check in the amount of $500 returned to me as soon as possible. Civil Action

No.21-cv-01394-LTB/GPG
*"D. STATEMENT OF CLAIMS."* Pg 1of 10. .

**D   STATEMENT OF CLAIM(S)**

CLAIM TWO: Civil Rights Act of 1866, 42 U.S.C. §§ 1981, 1982, and the Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19 Harassment and Liability for Discriminatory Housing Practices Under the Fair Housing Act.("FHA").

 Supporting Facts:

D4. (Cont.)This intrusion of my solace is actionable both Criminally and Civilly. There is also the issue of over $40,000 of my personal property that was taken from my apt by persons in your employ please consider this my demand letter for said. If I don't hear from you I will file in I will file in civil court a copy of this letter is also being forwarded to Section 8 Housing and your corporate office in Oregon. Plaintiff Barwick submits the fact that this is a violation state laws CRS § 38-12-103. Return of security deposit, Colorado Revised Statutes Title 18.Criminal Code §18-9-111 and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment.

D5Plaintiff submits that it is a fact that on Jan 16, 2021 Plaintiff's caretakers jeep was the only vehicle vandalized as it sat on the street amongst a group of other vehicles it visually showed the defendant's parking sticker near my new residence allegedly unknown to the Defendant's. Plaintiff submits that the Defendants knew or should have known of his new address. . Plaintiff submits he gave the U.S. Postal Service a change of address. Plaintiff Barwick submits the fact that this is a violation state laws Title 18-Criminal Code Article 4- Offenses Against Property Part 5- Trespass, Tampering and Criminal Mischief § 18-4-504 and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment.

D6.It is a fact that on April 29, 2019 without notice Gus had a carpet cleaning company called the Response Team a carpet cleaning company come to clean his carpet they advised him that the carpet needed to be replaced as it had a large mold spot and stretched to cover exposed tacks. Gus refused their recommendation only allowing cleaning and stretching without addressing the mold issue or fixing the Plaintiff's collapsed closet. On May 31, 2019 (Memorial Day) with only 24 hour notice Gus did an inspection without completing any of the Plaintiff's Maintenance requests. Plaintiff Barwick submits the fact that this is a violation state laws C.R.S § 38-12-505 "Uninhabitable residential residence premises and federal law Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19, 42 Section110.400(c)(6), prohibiting retaliation against anyone because they reported a discriminatory housing practice to a housing provider or other authority.24 CFR § 100.600-Quid pro quo hostile environment harassment.

D7.Plaintiff submits that it is a fact that on that On January 2, 2018, plaint notified the Broadway Plaza Lofts Property Manager Denise Hinojos and then Assistant Manager Joel Zavala Terrilyn Ereodo's and his trip to New Orleans for Madras and sent a copy of our itinerary to the Manager and then Assistant Manager Joel Zavala via e-mail on January 2, 2018. Plaintiff notified them that Megan Clark would be caring for my emotional assistance animals while we were away.  Upon our return plaintiff noticed that a grocery cart was missing from apt along with other things. On Feb-14-2018 plaintiff called Officer Brian Long responded I told him of the theft he said, "I'll do a report but you'll have give a detailed description of everything that was taken plaintiff gave him the eyeglasses that were missing 2 pairs of Ray bans and a pair of Parkers.

No.21-cv-01394-LTB/GPG
*"D. STATEMENT OF CLAIMS."* Pg 2of 10.

**D   STATEMENT OF CLAIM(S)**

CLAIM TWO: <u>Civil Rights Act of 1866, 42 U.S.C. §§ 1981, 1982, and the Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19 Harassment and Liability for Discriminatory Housing Practices Under the Fair Housing Act.("FHA").</u>

Supporting Facts:

D7. (Cont.) Then Property Manager Denise Hinojos allowed the plaintiff to review the surveillance tapes as there were 4 cameras on his floor for 2 days with defendant's then secretary Arnell whose brother was then Assistant Manager Joel Zavala Plaintiff Barwick submits the fact that this is a violation state lawsColorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment.

D8.Plaintiff submits that it is a fact that on April 2018 Plaintiff saw Assistant Manager Joel Zavala wearing a pair the glasses that had been reported stolen on 2 occasions but due to the fact that after his initial lease he was made a month to month tenet and he being an Assistant Manager. Plaintiff could have been made homeless at the stroke of his pen had Plaintiff approached him. He and his significant other lived Salvador Rai Valles are both named this lawsuit because at the time the glasses disaperance they lived together on the 9th floor making them both guilty of a violation state law CRS §4-3-420 / Elements of Conversion and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment.

D9.Plaintiff submits that it is a fact that on April 2018 Plaintiff saw the Maintenance Supervisor Francisco in the 1st floor garage while walking with his girlfriend. Francisco walked up us as if he was going to speak but did not constantly tugging at his hat Plaintiff submits that it was his hat and that a few days later it was left his apt in the middle of the floor.; a violation state law CRS §4-3-420 / Elements of Conversion and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment.

D10. On May 16, 2018 Plaintiff was using a pair of readers to see the small print on a cake box when his emotional assistance animal had to go outside. Plaintiff put his glasses on the counter and took the dog out upon his return the glasses as well as the case they came in was gone. Plaintiff Barwick then called Det. Patrick Walker of D.P.D. notifying of the burglary and he stated, "Are you going to Bitch about a $2.00 pair of glasses?" Plaintiff stated, "yes but my main concern is the fact that someone is coming into my home and taking things with no signs of forced entry oh and by the way the glasses are "Eyeballers" and they are valued at $100.00." Plaintiff Barwick submits the fact that this is a violation state lawsColorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary CRS §4-3-420 / Elements of Conversion and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment.

No.21-cv-01394-LTB/GPG
*"D. STATEMENT OF CLAIMS."* Pg 3of 10. .

**D   STATEMENT OF CLAIM(S)**

CLAIM TWO: Civil Rights Act of 1866, 42 U.S.C. §§ 1981, 1982, and the Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19 Harassment and Liability for Discriminatory Housing Practices Under the Fair Housing Act.("FHA").

Supporting Facts:

D11.Plaintiff submits that it is a fact that on May 19, 2018 Plaintiff Barwick and his girlfriend went to bed early in anticipation of the wedding of Megan Markel and Prince Harry in London, England. Plaintiff Barwick supplemented his diet through a food bank and had received produce carrots and the like but he and she went to King Soopers earlier that evening to get breakfast food prior to going to bed. Plaintiff Barwick set his alarm for 3:00 am but woke up early and went to the refrigerator to get something to drink only to find the glasses sitting on top the bacon he just bought that he had reported to Det. Patrick Walker of D.P.D. earlier in the week. Plaintiff Barwick immediately called the police. Two D.P.D Officer's responded Officer Brian Long one a White Male whom I knew because he was the D.P.D. Officer who responded to the theft of Plaintiff Barwick's property while he was in New Orleans the other was Hispanic and also Male and he took the lead.  Plaintiff explained the situation and showed him the evidence as it sat in his refrigerator. The officer appeared visually agitated and said, "here's your glasses somebody's just fucking with you!" Plaintiff responded, "fucking with me hell I am paying rent!"I then told them, "that I am not by myself." That's when my girlfriend appeared in the bedroom doorway and stated no he's not. As the glasses where in a leather case the plaintiff asked if they would test for fingerprints the lead officer declined and initially declined to even do a report. Plaintiff had his girlfriend bag the evidence using tongs while he videotaped the incident. Plaintiff Barwick submits the fact that this is a violation state laws Colorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary CRS §4-3-420 / Elements of Conversion and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment

D12.Plaintiff submits that it is a fact that on on May 31, 2019 (memorial day) with only 24 hour notice Gus did an inspection knowing of that he hadn't repaired my closet and clothe were everywhere. Plaintiff Barwick submits the fact that this is a violation state laws C.R.S § 38-12-505 "Uninhabitable residential residence premises and federal law Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19, 42 Section110.400(c)(6), prohibiting retaliation against anyone because they reported a discriminatory housing practice to a housing provider or other authority.24 CFR § 100.600-Quid pro quo hostile environment harassment.

D13 Plaintiff submits that it is a fact that on or about June 20, 2010 Michele S. Meyer a Jewish lady 1956-2019 committed suicide by jumping off of the defendant's building in June or July of 2019 she was my friend as well a witness for the Plaintiff who had made similar complaints of harassment theft and hostile environment against prior Property Manager Denise Hinojos to the Defendant's as well as to Plaintiff and later she sought a "Order of Protection" against her. A fact that was denied by the Defendant Property Manager Denise Hinojos. Plaintiff Barwick submits the fact that this is a violation state laws Colorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary CRS §4-3-420 / Elements of Conversion and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment

No.21-cv-01394-LTB/GPG
*"D. STATEMENT OF CLAIMS."* Pg 4of 10 .

**D    STATEMENT OF CLAIM(S)**

CLAIM TWO: Civil Rights Act of 1866, 42 U.S.C. §§ 1981, 1982, and the Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19 Harassment and Liability for Discriminatory Housing Practices Under the Fair Housing Act.("FHA")

Supporting Facts:

D14.Plaintiff submits that it is a fact that on November 6, 2019 plaintiff went to let his caretaker in the building as we had an appointment. He had his clothes and sunglasses laid out on his bed by the time he went downstairs and brought her up he noticed that his glasses were missing. Because it was before the defendants normal work hours the Plaintiff went to the office. The new Assistant Property Manager Angelica the was in the office alone, Jairo Pena the maintenance supervisor's jacket was on the back of chair and the TV used to monitor all floors was disabled showing no signal. I asked her, "if Gus was here and where and was he?" She said, "he and Jairo were out walking the property." Later that day there was a wet floor sign placed exactly in front of my door obstructing my ability to go in and out. Plaintiff Barwick submits the fact that this is a violation state laws Colorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary CRS §4-3-420 / Elements of Conversion and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment

D15.Plaintiff, Darwynn Barwick submits that after he surrendered the Defendant's property to them on August 31, 2020 he's still received the following harassment: submits that despite the fact that he's moved the Defendants retaliatory actions persist today as illustrated by the fact that he has yet to receive any portion of his security deposit from Ashley Williams Community Manager ,Violeta K. Vitkova Regional Manager or Chad Rennaker when they knew or should have known exactly where the plaintiff resides

D16.Plaintiff submits that they all were Hispanic at Broadway Plaza Lofts except for Brittney an African-American female who was hired not long before Property Manager Gus Quinonez replaced Property Manager Denise Hinojos. Plaintiff submits that then Property Manager Gus Quinonez also then either fired or allowed resign the Defendant's then Assistant Property Manager Joel Zavala's sister a Maintenance and the Maintenance Supervisor Francisco allowing Jairo Pena his assistant to stay along with Santa a maintenance person eventually hiring her husband. Plaintiff submits despite the fact that then Maintenance Supervisor Francisco was allegedly fired for stealing he was still allowed to live on the Defendant's 5th floor Plaintiff Barwick submits the fact that this is a violation state laws Colorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary CRS §4-3-420 / Elements of Conversion and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment

D17.Plaintiff submits that it is a fact that on December 28, 2018 then Property Manager Gus Quinonez after replacing them had all the locks changed. The Defendant's then Property Manager Gus Quinonez stated, "that this will be the easiest way to prevent lock outs." Plaintiff Barwick submits the fact that this is a violation state laws Colorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary CRS §4-3-420 / Elements of Conversion and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment

No.21-cv-01394-LTB/GPG
*"D. STATEMENT OF CLAIMS."* Pg 5of 10.

**D   STATEMENT OF CLAIM(S)**

CLAIM TWO: <u>Civil Rights Act of 1866, 42 U.S.C. §§ 1981, 1982, and the Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19 Harassment and Liability for Discriminatory Housing Practices Under the Fair Housing Act.("FHA").</u>

Supporting Facts:

D18. Plaintiff submits that it is a fact that on Property Manager Gus Quinonez too hired predominately Hispanic people most of whom are gay like himself staff with the exception of at least three African American Female secretaries who were hired after Brittney and one White male Richard who too was gay and was allegedly fired for sexual harassment of a African American male who lived on the 9th floor. Property Manager Gus Quinonez then replaced them with a totally Hispanic people. Plaintiff Barwick submits the fact that this is a violation state laws Colo. Rev. Stat. § 18-9-111 and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment

D19. Plaintiff submits that it is a fact that he filed a charge of discrimination against the Defendants Property Manager Denise Hinojos, Assistant Property Managers Joel Zavala Broadway Plaza lofts LLP Managed by PacifiCap Management Inc with the Colorado Civil Rights Division and every sense he did, the Defendants and its agent(s) and/or employee(s) have subjected him to retaliatory terms, conditions, privileges or services and facilities of said housing known as Broadway Plaza lofts LLP Managed by PacifiCap Management Inc. Plaintiff Barwick submits the fact that this is a violation state laws Colorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary CRS §4-3-420 / Elements of Conversion and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment

D20. Plaintiff submits that it is a fact that he's made several maintenance requests the Defendant' prior Property Manager Denise Hinojos and her Assistant Property Manager Joel Zavala weren't responding to his maintenance requests nor did they renew his leasing agreement keeping him month to month for 5 of the 7 yrs he lived there. Plaintiff Barwick submits the fact that this is a violation state laws C.R.S § 38-12-505 "Uninhabitable residential residence premises and federal law Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19, 42 Section110.400(c)(6), prohibiting retaliation against anyone because they reported a discriminatory housing practice to a housing provider or other authority.24 CFR § 100.600-Quid pro quo hostile environment harassment.

D21. Plaintiff submits that it is a fact that on Feb 27, 2019 his clothes rack collapsed in his bedroom closet forcing him place its contents on his bed couch and dresser. Plaintiff made several maintenance requests with Gus Quinonez he was refused. On April 10, 2019 he spoke with Gus about repairing his closet as well as his maintenance request for his carpet, stove dishwasher and bathroom vanity Gus said he was reluctant to respond to his maintenance request because the Plaintiff had filed a complaint of discrimination against the Defendants. In addition the Defendants then Property Manager Gus Quinonez warned the Plaintiff "don't fail your inspection" "Which which the plaintiff interpreted to be a threat for filing his complaint of discrimination. Plaintiff Barwick submits the fact that this is a violation state laws C.R.S § 38-12-505 "Uninhabitable residential residence premises and federal law Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19, 42 Section110.400(c)(6), prohibiting retaliation against anyone because they reported a discriminatory housing practice to a housing provider or other authority.24 CFR § 100.600-Quid pro quo hostile environment harassment.

No.21-cv-01394-LTB/GPG
*"D. STATEMENT OF CLAIMS."* Pg 6 of 10.

**D    STATEMENT OF CLAIM(S)**

CLAIM TWO: <u>Civil Rights Act of 1866, 42 U.S.C. §§ 1981, 1982, and the Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19 Harassment and Liability for Discriminatory Housing Practices Under the Fair Housing Act.("FHA").</u>

Supporting Facts:

D22.Plaintiff submits that it is a fact that on April 14, 2019 plaintiff's nephew and wife were visiting from Dayton, Ohio but due the state of Plaintiff's apt he was too embarrassed to allow them in. on April 21, 2019 my cousin was visiting from New Orleans and Plaintiff Barwick again was too embarrassed to allow him to allow him in as the requested maintenance request hadn't been done.

D23.Plaintiff submits that it is a fact that on April 29, 2019 without notice Gus had a carpet cleaning company called the Response Team a carpet cleaning company come to clean his carpet they advised him that the carpet needed to be replaced and stretched to cover exposed tacks. Gus refused their recommendation only allowing cleaning and stretching ignoring his maintenance request for his entire carpet to be cleaned the cleaning company only did the living room ignored the stove dishwasher and bathroom vanity without fixing the collapsed closet. Plaintiff Barwick submits the fact that this is a violation state laws Colorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary CRS §4-3-420 / Elements of Conversion and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment

D24.Plaintiff submits that it is a fact that on May 31, 2019 (Memorial Day) with only 24 hour notice Gus did an inspection knowing of that he hadn't repaired my closet and clothe were everywhere. 42 USC § 3604, and 3617, 42 USC § 1981 and § 1982;

D25. On or about June 20, 2010 Michele S. Meyer a Jewish lady 1956-2019 committed suicide by jumping off of the defendant's building in June or July of 2019 she was my friend as well a witness for the plaintiff who had made similar complaints of harassment theft and hostile environment against prior Property Manager Denise Hinojos to the defendant's as well as to plaintiff and later she sought a "Order of Protection" against her. A fact that was denied by the Defendant her.Plaintiff Barwick submits the fact that this is a violation state laws Colorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary CRS §4-3-420 / Elements of Conversion and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment.

D26.Plaintiff submits that it is a fact that on November 6, 2019 plaintiff went to let his caretaker in the building as we had an appointment. He had his clothes and sunglasses laid out on his bed by the time he went downstairs and brought her up he noticed that his glasses were missing. Because it was before the defendants normal work hours the Plaintiff went to the office. The new Assistant Property Manager Angelica the was in the office alone, Jairo Pena the maintenance supervisor's jacket was on the back of chair and the TV used to monitor all floors was disabled showing no signal. I asked her, "if Gus was here and where and was he?" She said, "he and Jairo were out walking the property." Later that day there was a wet floor sign placed exactly in front of my door obstructing my ability to go in and out.42 USC § 3604, and 3617, 42 USC § 1981 and § 1982

No.21-cv-01394-LTB/GPG
*"D. STATEMENT OF CLAIMS."* Pg 7 of 10.

**D   STATEMENT OF CLAIM(S)**

CLAIM TWO: <u>Civil Rights Act of 1866, 42 U.S.C. §§ 1981, 1982, and the Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19 Harassment and Liability for Discriminatory Housing Practices Under the Fair Housing Act.("FHA").</u>

 Supporting Facts:

D27. Plaintiff submits that it is a fact that on October 23, 2019. DPD case number 2019-662391 Stolen shoes, were reported stolen to Detective Jessica E. Sanchez DPD case number 19-708424 stolen glasses. Plaintiff Barwick also reported it to DORA via email on November 12, 2019 unsure of the date of occurrence because someone in the Defendants employ would go to the electrical room and disconnect Plaintiff's internet service to defeat his camera signal then wait for him to leave via their surveillance system. Plaintiff Barwick submits the fact that this is a violation state laws Colorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary CRS §4-3-420 / Elements of Conversion and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment

D28. Plaintiff submits that it is a fact that on December 30, 2019 the defendants hired a light vendor to replace lighting in the hallway on my floor the lights in front of my door was dark. During this time I had guest and we walked the floors to see if any other light like mine where out they weren't. I called Maintenance Supervisor Jairo Peña and didn't get a response to the problem until mid-week. Plaintiff Barwick submits the fact that this is a violation state laws C.R.S § 38-12-505 "Uninhabitable residential residence premises and federal law Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19, 42 Section110.400(c)(6), prohibiting retaliation against anyone because they reported a discriminatory housing practice to a housing provider or other authority.24 CFR § 100.600-Quid pro quo hostile environment harassment.

D29 On or May 28, 2020 after letting Gus know that my voucher had increased to a two bedroom and I would have a live-in caretaker he promised me that I could upgrade to a two bedroom and took my live-in Caretaker's information issuing her a parking permit to the Defendant's underground parking garage Plaintiff Barwick submits the fact that this is a violation state laws C.R.S § 38-12-505 "Uninhabitable residential residence premises and federal law Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19, 42 Section110.400(c)(6), prohibiting retaliation against anyone because they reported a discriminatory housing practice to a housing provider or other authority.24 CFR § 100.600-Quid pro quo hostile environment harassment.

D30.Plaintiff submits that it is a fact that on another occasion Gus came to Plaintiff's apartment unannounced and notified me that there would be a rent increase and that I needed to sign for it. I Told Gus, that I thought it was unfair for them to ask for a rental increase when my carpet hadn't been replaced and my bathroom vanity still hadn't been fixed and I also asked him about the availability of a two bedroom apartment Plaintiff submits as I now have a two bedroom voucher. Plaintiff Barwick submits the fact that this is a violation state laws C.R.S § 38-12-505 "Uninhabitable residential residence premises and federal law Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19, 42 Section110.400(c)(6), prohibiting retaliation against anyone because they reported a discriminatory housing practice to a housing provider or other authority.24 CFR § 100.600-Quid pro quo hostile environment harassment.

No.21-cv-01394-LTB/GPG
*"D. STATEMENT OF CLAIMS."* Pg 8 of 10.

**D   STATEMENT OF CLAIM(S)**

CLAIM TWO: <u>Civil Rights Act of 1866, 42 U.S.C. §§ 1981, 1982, and the Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19 Harassment and Liability for Discriminatory Housing Practices Under the Fair Housing Act.("FHA").</u>

 Supporting Facts:

D31.Plaintiff submits that it is a fact that on Gus then promised me a two bedroom Gus as 2 two bedroom apartment were allegedly available Gus the Property Manager and Jairo the Maintenance Supervisor abruptly left the Defendants employee and were replaced Danielle a new Property Manager Plaintiff Barwick submits the fact that this is a violation state laws C.R.S § 38-12-505 "Uninhabitable residential residence premises and federal law Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19, 42 Section110.400(c)(6), prohibiting retaliation against anyone because they reported a discriminatory housing practice to a housing provider or other authority.24 CFR § 100.600-Quid pro quo hostile environment harassment

D32. Plaintiff submits that it is a fact that on July 30 plaintiff was washing his clothes he was wearing his terrycloth embroidered Polo Ralph Lauren he got dressed and he and his caretaker went to view prospective properties upon the plaintiff's return the belt to his robe was gone. . Plaintiff Barwick submits the fact that this is a violation state laws Colorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary CRS §4-3-420 / Elements of Conversion and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment.

D33.Plaintiff submits that it is a fact that he and his Caretaker asked Danielle the Defendant's new Property Manager about the availability of a two bedroom on his floor informed us that we she had received a notice to quit from the Denver Housing Authority Section 8 Department. We told her it would be easier due to Plaintiff's disabilities for us to move right down the hall she assured me that I could have the apartment. Plaintiff Barwick submits the fact that this is a violation state laws C.R.S § 38-12-505 "Uninhabitable residential residence premises and federal law Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19, 42 Section110.400(c)(6), prohibiting retaliation against anyone because they reported a discriminatory housing practice to a housing provider or other authority.24 CFR § 100.600- Quid pro quo hostile environment harassment.

D34.Plaintiff submits that it is a fact that later that week I saw her showing it to persons not of my race and it was rented to a person not of my race or gender when we asked Danielle about it and she said, "Violeta, said, "we need to speak to my case manager before. Danielle is now gone and she was replaced by the Defendants current property manager Ashley Williams. Plaintiff Barwick submits the fact that this is a violation state laws C.R.S § 38-12-505 "Uninhabitable residential residence premises and federal law Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19, 42 Section110.400(c)(6), prohibiting retaliation against anyone because they reported a discriminatory housing practice to a housing provider or other authority.24 CFR § 100.600-Quid pro quo hostile environment harassment.

No.21-cv-01394-LTB/GPG
*"D. STATEMENT OF CLAIMS."* Pg 9 of 10 .

**D   STATEMENT OF CLAIM(S)**

CLAIM TWO: <u>Civil Rights Act of 1866, 42 U.S.C. §§ 1981, 1982, and the Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19 Harassment and Liability for Discriminatory Housing Practices Under the Fair Housing Act.("FHA").</u>

 Supporting Facts:

D35. Plaintiff submits that it is a fact that on about June 14, 2018 I reported to the Defendants attorney Lindsay Jasper after having a note placed in the hallway in front of my apartment taped to the wall threating to kill and cook my emotional assistance animal a umbrella cockatoo for their Thanksgiving diner. 42 USC § 3604, and 3617, 42 USC § 1981 and § 1982;

D36.Plaintiff submits that it is a fact that on January 2, 2018, plaint notified the Broadway Plaza Lofts Property Manager Denise Hinojos and then Assistant Manager Joel Zavala Terrilynn Ereodo's and his trip to New Orleans for Madrasand sent a copy of our itinerary to the Manager and then Assistant Manager Joel Zavala via e-mail on January 2, 2018. Plaintiff notified them that Megan Clark would be caring for my emotional assistance animals while we were away. . Plaintiff Barwick submits the fact that this is a violation. state laws Colorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary CRS §4-3-420 / Elements of Conversion and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment.

D37 Plaintiff submits that it is a fact that on our return plaintiff noticed that a grocery cart was missing from apt along with other things. On Feb-14-2018 plaintiff called Officer Brian Long responded I told him of the theft he said, "I'll do a report but you'll have give a detailed description of everything that was taken plaintiff gave him the eyeglasses that were missing 2 pairs of Ray bans and a pair of Parkers. Then Property Manager Denise Hinojos allowed the plaintiff to review the surveillance tapes as there were 4 cameras on his floor for 2 days with defendant's then secretary Arneall whose brother was then Assistant Manager Joel Zavala. Plaintiff Barwick submits the fact that this is a violation state lawsColorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary CRS §4-3-420 / Elements of Conversion and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment.

D38.Plaintiff submits that it is a fact that in April 2018 Plaintiff saw Assistant Manager Joel Zavala wearing a pair the glasses that had been reported stolen on 2 occasions but due to the fact that after his initial lease he was made a month to month tenet and he being an Assistant Manager. Plaintiff could have been made homeless at the stroke of his pen had Plaintiff approached him. He and his significant other lived Salvador Rai Valles are both named this lawsuit because at the time the glasses disappearances they lived together on the 9th floor making them both guilty Plaintiff Barwick submits the fact that this is a violation state laws Colorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary CRS §4-3-420 / Elements of Conversion and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment

**E.     REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF"*

a.   Wherefore, Plaintiff respectfully request that the Court grant the following relief A declaratory judgment finding the actions of all the Defendants violate 42 USC§ 3604, and 3617, 42 USC § 1981 and § 1982;

b.   A judgment finding that the defendants all did violate federal law and federal law 24 CFR § 100.600- Quid pro quo hostile environment harassment. 42 USC § 3604, and 3617, 42 USC § 1981 and § 1982;

c.   A judgment finding that the actions of the Defendants constitute negligent infliction of emotional distress and breach of contract.

d.   A judgment finding that the actions of the defendants constitute intentional infliction of emotional distress.

e.   A judgment finding that the Defendant's prior Property Managers Denise Hinojos and her Assistant Joel Zavala Broadway Plaza lofts LLP Managed by PacifiCap Management Inc violation C.R.S § 38-12-503, C.R.S § 38-12-505 "Uninhabitable residential residence premises"

**F.     PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non frivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

_____
10/27/2021
(Date)

(Revised December 2017)

Civil Action No.21-cv-01394-LTB/GPG
*"E. REQUEST FOR RELIEF"*

*. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF"*

f. A permanent injunction prohibiting the Defendants from continuing to engage in the illegally discriminatory conduct alleged in this complaint, including without limitation, ordering defendants to take actions or steps reasonably calculated to resolve any and all complaints of neighbor on neighborhood harassment on the basis of race, color or any other ground prohibited by the fair housing act of 1968 or the civil rights act of 1966.

g. Compensatory damages in the amount of $128,650 to fully compensate Plaintiff for out-of-pocket rent and his stolen property's. Compensatory damages in the amount that would fully compensate the plaintive for the loss of enjoyment humiliation and embarrassment physical harm and emotional distress and mental anguish caused by the defendants violations of the law; Punitive damages in an amount that would punish the defendants for willful, wanton, and reckless misconduct and indifference as alleged in this Complaint and that would effectively deter the defendants from future discriminatory behavior; All other relief deemed just and equitable by the court to include but not limited to the Defendant's Insurances Policy Limits federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment.

**PLAINTIFF'S SIGNATURE**
I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.
Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non frivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

(Plaintiff's signature)

10/27/2021
(Date)

(Revised December 2017)                    6