FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO
2022 JAN 10 PM 12: 37
JEFFREY P. COLWELL
CLERK
BY_______DEP. CLK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-01394-LTB / GPG
(To be supplied by the court)

DARWYNN L. BARWICK, Plaintiff

v.

SEE ATTACHED,

______________________,

______________________,

______________________, Defendant(s).

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

---

**COMPLAINT**

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

**Defendant(s):**

BROADWAY LOFTS LLC.

PACIFICAP MANAGEMENT

ASHLEY WILLIAMS

CHAD I. RENNAKER

SALVADOR RAI VALLES

JOEL ZAVALA JR.

DENISE HINOJOS

VIOLETA K. VITKOVA

GUS QUINONEZ

**A. PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

DARWYNN L. BARWICK 3773 WALNUT ST. #403 DENVER, CO 80205
(Name and complete mailing address)

303-491-8950 DARWYNNBARWICK@YAHOO.COM
(Telephone number and e-mail address)

**B. DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: BROADWAY LOFTS LLC. 2330 BROADWAY ST. SUITE 106 DENVER
(Name and complete mailing address)

303-298-1329 BROADWAYPLAZALOFTS2PMIFORWARD.COM
(Telephone number and e-mail address if known)

Defendant 2: PACIFICAP MANAGEMENT 412 NW 5TH AVE. SUITE 200 PORTLAND
(Name and complete mailing address)

303-427-3039
(Telephone number and e-mail address if known)

Defendant 3: ASHLEY WILLIAMS 2330 BROADWAY ST. SUITE 106 DENVER, CO 8
(Name and complete mailing address)

303-298-1329
(Telephone number and e-mail address if known)

Defendant 4: CHAD I. RENNAKER 2330 BROADWAY ST. SUITE 106 DENVER, CO
(Name and complete mailing address)

303-298-1329
(Telephone number and e-mail address if known)

## C. JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)* Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States) List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

Plaintiff, Darwynn L. Barwick who is a disabled 64-year-old African American and a HUD/Section 8 Client., is alleging a continuing pattern of racially discriminatory conduct in violation of:

- The Civil Rights Act of 1866, 42 U.S.C. §§ 1981, 1982
- The Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19 ("FHA").42 U.S.C. §3613(a)-(b) and by 28 U.S.C §§ 1331, 1337, 1343, and 2201.
- Age Discrimination Act *42 U.S.C. §§ 6101 – 6107*
- The Age Discrimination Act of 1975, FHA 42 U.S.C. 3601 et seq.,
- Title VI of the Civil Rights Act of 1964 *42 U.S.C. § 2000d-1*
- Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165
- Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189
- Title III of the ADA
- Title VIII of the Civil Rights Act of 1968 (Fair Housing Act),
- Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165
- Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189
- Title III of the ADA Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c)(6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment 24 C.F.R. part 146.
- HUD Programs or Activities Receiving Federal Financial Assistance 24 C.F.R. part 146

The Court also has supplemental jurisdiction under 28 U.S.C § 1368(a) over Plaintiff's state claims CRS Title 38 Property Real and Personal § 38-12-103.(1)(2)(a)(b)Return of security deposit, CRS 18-9-111 Criminal Harassment.

## D. STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

**CLAIM ONE:** Darwynn L. Barwick is the Plaintiff in Civil Action No 1:21-cv-01394-LTB/GPG and is a 63 yr. old, Disabled, African-American and a section 8 client, who leased an apartment with Defendants Broadway Plaza lofts LLP., Managed by Pacificap Management Inc., at 2330 Broadway in apartment 607 from October 1, 2013 until August 31, 2020 as their tenant located in downtown Denver, Colorado. Plaintiff Barwick is asserting in this his "Claim, D1."that Defendants by their refusal to rent housing to he and his live-in caregiver any of their stated available housing on the 4th floor and 8th floor by former and current Community Managers refusals to negotiate for said housing the that the named Defendants violated his rights under the Age Discrimination Act 42 U.S.C. §§ 6101 – 6107, The Age Discrimination Act of 1975, as well as the following federal statues FHA 42 U.S.C. 3601 et seq., Title VI of the Civil Rights Act of 1964 42 U.S.C. § 2000d-1 Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189 Title III of the ADA and Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c)(6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment 24 C.F.R. part 146. by their refusals to rent to he and his live-in caregiver any of their available 2-bedroom apartments discriminating against them both because of their Ages, Race, and his Disabilities and his housing status by otherwise making their available 2 bed room housing unavailable to he and his live-in caregiver both protected members of protected classes as described as such in the aforementioned federal statutes.

**Supporting facts:** Plaintiff Barwick asserts the above named Defendants all are in violation of his housing status a violation of their rights under the following federal statues Age Discrimination Act 42 U.S.C. §§ 6101 – 6107, The Age Discrimination Act of 1975,FHA 42 U.S.C. 3601 et seq. Title VI of the Civil Rights Act of 1964 42 U.S.C. § 2000d-1 Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189 Title III of the ADA and Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c)(6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment 24 C.F.R. part 146.

(continues see attached)

Darwynn L. Barwick Plaintiff is 63 yrs. old, African-American Disabled, and a HUD/ Section 8 client who leased with Defendants Broadway Plaza lofts. LLP, Managed by Pacificap Management Inc., at 2330 Broadway in apartment 607 from October 1, 2013 until August 31, 2020 as their tenant located in downtown Denver, Colorado.

Plaintiff Barwick asserts that Defendants Broadway Lofts LLC, Pacificap Management former Community Manager's Danielle, Gus Quinonez, Denise Hinojos and Assistant Community Manager Joel Zavala Jr. Danielle, Gus Quinonez, Regional Manager Violeta K. Vitkova, Chad I Rennaker and Community Manager Ashley Williams all discriminated him because of Age above 50 years old, because of his Race African American, because of his Disabilities and because he is a HUD/Section 8 Client in violation of all the federal statutes Age Discrimination Act 42 U.S.C. §§ 6101 – 6107, Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189 Race/ Color Title VI of the Civil Rights Act of 1964 42 U.S.C. § 2000d-1 Title III of the ADA Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c)(6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment 24 C.F.R. part 146. And 24 C.F.R. part 146 HUD Programs or Activities Receiving Federal Financial Assistance as he claimed in his CLAIM ONE.

Plaintiff Barwick asserts that Defendants Broadway Lofts LLC, Pacificap Management former Community Manager's Danielle, Gus Quinonez, Denise Hinojos and Assistant Community Manager Joel Zavala Jr. Danielle, Gus Quinonez, Regional Manager Violeta K. Vitkova, Chad I Rennaker and Community Manager Ashley Williams all discriminated him because of his Age above 50 his Race African/American his Disabilities and because he is a HUD/Section 8 Client in violation of all of the above federal Fair Housing Act 42 U.S.C. §§ 3601-19 Title VIII of the Civil Rights Act of 1968 (Fair Housing Act) Title VI of the Civil Rights Act of 1964 42 U.S.C. § 2000d-1 Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title II of the ADA and Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189 statues in his

D. STATEMENT OF CLAIM(S) rights by their commission of the following prohibited acts: Refuse to rent or sell housing Refuse to negotiate for housing Otherwise make housing unavailable Set different terms, conditions or privileges for sale or rental of a dwelling Provide a person different housing services or facilities Falsely deny that housing is available for inspection, sale or rental, Make, print or publish any notice, statement or advertisement with respect to the sale or rental of a dwelling that indicates any preference, limitation or discrimination Impose different sales prices or rental charges for the sale or rental of a dwelling Denise/Joel Use different qualification criteria or applications, or sale or rental standards or procedures, such as income standards, application requirements, application fees, credit analyses, sale or rental approval procedures or other requirements Evict a tenant or a tenant's guest Harass a person Denise/Joel Fail or delay performance of maintenance or repairs Denise/Joel, Gus, All Limit privileges, services or facilities of a dwelling Discourage the purchase or rental of a dwelling All Assign a person to a particular building or neighborhood or section of a building or neighborhood

1. Plaintiff, Barwick asserts that Defendant's Broadway Lofts LLC, Pacificap Management, Regional Manager Violeta K. Vitkova, Chad I. Rennaker and former Community Manager Denise Hinojos prohibited discriminatory conduct started when he signed his lease on

10/01/2013. Plaintiff Barwick further asserts that on 10/01/2013 Community Manager Denise Hinojos required that he pay $500.00 security deposit and $100.00 for a parking pass despite the fact that he didn't have a car. Plaintiff Barwick asserts her setting different terms or conditions in the rental of their property is violation of his rights a violation Fair Housing Act 42 U.S.C. §§ 3601-19 Title VIII of the Civil Rights Act of 1968 (Fair Housing Act), Title VI of the Civil Rights Act of 1964 42 U.S.C. § 2000d-1 Title VI Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title II of the ADA Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189 Title III of the ADA

2. Plaintiff, Barwick asserts that the Defendant's Broadway Lofts LLC, Pacificap Management, Regional Manager Violeta K. Vitkova, Chad I. Rennaker and former Community Manager Denise Hinojos was only allowed Plaintiff Barwick two sign to leases one on 10/01/2013 the other on until 10/10/18 making him month to month for over 4yrs. years is violation of his rights a violation Fair Housing Act 42 U.S.C. §§ 3601-19 Title VIII of the Civil Rights Act of 1968 (Fair Housing Act), Title VI of the Civil Rights Act of 1964 42 U.S.C. § 2000d-1 Title VI Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title II of the ADA Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189 Title III of the ADA

3. Plaintiff, Barwick asserts that persons that weren't HUD/Section 8 Clients were allowed 6 months to yearly leases. Plaintiff Barwick's after having him come repeatedly down the office to sign a lease throughout years "Lease" until10/10/18. Plaintiff Barwick asserts that the above-named Defendants would not and did not allow him to renew his lease but coarsest him to complete demographic information and other documents to include but not limited to periodic rent increases intimidating him by the threat of eviction if he did not sign. is violation of his rights a violation Fair Housing Act 42 U.S.C. §§ 3601-19 Title VIII of the Civil Rights Act of 1968 (Fair Housing Act), Title VI of the Civil Rights Act of 1964 42 U.S.C. § 2000d-1 Title VI Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title II of the ADA Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189 Title III of the ADA

4. Plaintiff Barwick asserts that later that week on July 16, 2020 that he saw her showing the promised apt to persons not of his race and it was rented to a person not of his race age gender, disability or housing. status. Plaintiff Barwick asked Defendants then Community Danielle about it and she said, "Violeta, said, "We need to speak to Plaintiff's Section 8 case manager before renting to you. Plaintiff Barwick submits Defendants former Community Manager Danielle on July 16,2020 did violate his rights by her refusal to rent under Fair Housing Act 42 U.S.C. §§ 3601-19 Title VIII of the Civil Rights Act of 1968 (Fair Housing Act), Age Discrimination Act 42 U.S.C. §§ 6101 – 6107, Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189

5. Plaintiff Barwick asserts that Defendants Broadway Lofts LLC, Pacificap Management former Community Manager's Danielle, Regional Manager Violeta K. Vitkova, Chad I Rennaker and Community all discriminated him because of his Age above 50 his Race African/American his Disabilities and because he is a HUD/Section 8 Client in violation rights by participating in prohibited acts of Refuse to rent or sell housing Refuse to negotiate for housing Otherwise make housing unavailable Set different terms on July 16, 2020 Plaintiff

Barwick asserts that when he asked Defendants then Community Danielle about it and she said, "Violeta, said, "We need to speak to Plaintiff's Section 8 case manager before renting to you. under Fair Housing Act 42 U.S.C. §§ 3601-19 Title VIII of the Civil Rights Act of 1968 (Fair Housing Act), Age Discrimination Act 42 U.S.C. §§ 6101 – 6107, Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189

6. Plaintiff Barwick asserts on July 16, 2020 she as well as Defendant's Regional Manager Violeta K. Vitkova to refuse to negotiate with Plaintiff directly for the apartment which was already promised to he and live-in caregiver her prohibited action violated federal statute by the prohibited act of setting different terms, conditions or privileges for sale or rental of the promised dwelling, is a violation of Plaintiff's rights under the Fair Housing Act 42 U.S.C. §§ 3601-19 Age Discrimination Act 42 U.S.C. §§ 6101 – 6107, Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189

7. Plaintiff Barwick asserts on July 16, 2020 Defendants Broadway Lofts LLC, Pacificap Management former Community Manager's Danielle, Danielle, Gus Quinonez, Regional Manager Violeta K. Vitkova, Chad I Rennaker and Community Manager Ashley Williams all discriminated him because of Age above 50 years old, because of his Race African American, because of his Disabilities and because he is a HUD/Section 8 Client in violation of his rights under all the federal statutes the federal statutes he claimed in his CLAIM ONE Age Discrimination Act 42 U.S.C. §§ 6101 – 6107, Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189 Race/ Color Title VI of the Civil Rights Act of 1964 42 U.S.C. § 2000d-1 Title III of the ADA

8. Plaintiff Barwick asserts that the fact that none of above named the above named Defendant's on July 16, 2020 Refused to Negotiate with him over the promised housing in is violation prohibited of Plaintiff's rights under the Fair Housing Act 42 U.S.C. §§ 3601-19, Age Discrimination Act 42 U.S.C. §§ 6101 – 6107, Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 –12189 42 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation

9. Plaintiff Barwick asserts that the Defendants former Community Manager Danielle who had promised him a 2 bedroom on the 6th floor then did willfully maliciously and intentionally discriminate against him by refusing to rent it to him. Plaintiff Barwick asserts that later that week on July 16, 2020 that he saw her showing the promised apt to persons not of his race and it was rented to a person not of his race age gender, disability or housing status is a violation of his rights prohibited under the Fair Housing Act 42 U.S.C. §§ 3601-19 Age Discrimination Act 42 U.S.C. §§ 6101 – 6107, Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation

10. Plaintiff Barwick asserts it was illegal discrimination for the Defendant's former Community Manager Danielle and Regional Manager Violeta K. Vitkova to refuse to negotiate with Plaintiff

directly for the apartment which was already promised to he and live-in care giver her prohibited actions violated federal statute by setting different terms, conditions or privileges for sale or rental of the promised dwelling, Plaintiff Barwick asserts that he in April of 2020 notified Defendants former Community Manager Gus Quinonez and Regional Manager Violeta K. Vitkova, that his HUD/Section 8 voucher would be increased from a one bedroom voucher to a two bedroom voucher to by Denver Housing's HUD/Section 8 Department to accommodate his Disabilities and need for a live-in caregiver. Age Discrimination Act 42 U.S.C. §§ 6101 – 6107, Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation

11. Plaintiff Barwick asserts it was illegal discrimination for the Defendant's former Community Manager Danielle and Regional Manager Violeta K. Vitkova to refusal to negotiate with Plaintiff directly on July 16, 2020 for the apartment which was already promised to he and live-in care giver her prohibited actions violated federal statute by setting different terms, conditions or privileges for sale or rental of the promised dwelling was and is a violation of his rights under Fair Housing Act 42 U.S.C. §§ 3601-19 and Title VI of the Civil Rights Act of 1964 42 U.S.C. § 2000d-1 Age Discrimination Act 42 U.S.C. §§ 6101 – 6107, Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title III of the Americans with Disabilities Act of 1990 42 U.S.C.§12181 –12189 42 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation

12. Plaintiff Barwick asserts that Defendants former Community Manager Gus Quinonez 1st promised the Plaintiff an 8th floor apartment in April 2020 but never followed through with it. Plaintiff Barwick asserts that Defendants former Community Manager Gus Quinonez is in violation of prohibited act Fair Housing Act 42 U.S.C. §§ 3601-1 Age Discrimination Act 42 U.S.C. §§ 6101 – 6107, Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189 Title VIII of the Civil Rights Act of 1968 (Fair Housing Act), 42 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c)(6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment,

13. Plaintiff asked if he could see it and Gus told him that it wasn't ready to be seen. Plaintiff Barwick asserts that Defendants former Community Manager Gus Quinonez again stated on May 14, 2020 that not only was the 8th floor apartment available but there was also one available on the 4th floor. Fair Housing Act 42 U.S.C. §§ 3601-19 Title VIII of the Civil Rights Act of 1968 (Fair Housing Act), Age Discrimination Act 42 U.S.C. §§ 6101 – 6107, Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 1218942 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation

14. Plaintiff Barwick asserts on May 14, 2020 Defendants former Community Manager Gus Quinonez again violated his rights by harassing him in person by without notice by coming to the Plaintiff's 6th floor apartment unannounced, banging on his door to allegedly to notify him of a proposed rent increase and threatening him with a 3-day notice of eviction if he did not sign it. Plaintiff Barwick asserts that aforementioned statements by Defendants former

Community Manager Gus Quinonez his refusals to rent or housing Refuse to negotiate for housing Otherwise make housing unavailable are all prohibited acts and a violation of rights under federal statures as claimed by Plaintiff Barwick in his CLAIM ONE. Age Discrimination Act 42 U.S.C. §§ 6101 – 6107, Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189 42 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c)(6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment,

15. Plaintiff Barwick asserts that aforementioned actions of Defendants former Community Manager Gus Quinonez on May 14, 2020 again violated his rights on May 14, 2020 by Defendants former Community Manager Gus Quinonez again violated his rights when Plaintiff Barwick asked. "Gus when was he going replace his molded carpet and bathroom vanity and told him that it was unfair to raise his rent without them completing his work orders" Gus refused to have the Defendants maintenance persons complete any of his work orders. Age Discrimination Act 42 U.S.C. §§ 6101 – 6107, Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189 under 42 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation.

16. Plaintiff Barwick asserts Defendants former Community Manager Gus Quinonez again violated his rights by harassing him failing to perform any maintenance or repairs while threatening him with a 3-day notice of eviction if he did not sign it are all prohibited acts and a violation of rights under federal statures as claimed by Plaintiff Barwick in his CLAIM ONE. Plaintiff Barwick asserts on May 28, 2020 he again let Defendants Broadway Lofts LLC, Pacificap Management Regional Manager Violeta K. Vitkova, Chad I Rennaker and former Community Manager Gus Quinonez, know that his HUD/Section 8 voucher had increased to a two bedroom and Plaintiff Barwick would have a live-in caretaker former Community Manager Gus Quinonez again promised that he could upgrade us to a two bedroom and took Plaintiff's live-in Caretaker's information issuing her a parking permit to be affixed to and displayed in her window. Refuse to rent or sell housing Defendants all Refuse to negotiate for housing Otherwise make housing unavailable Retaliation under 42 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c)(6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment,

17. Plaintiff Barwick asserts that he in April of 2020 notified Defendants former Community Manager Gus Quinonez and Regional Manager Violeta K. Vitkova, that his HUD/Section 8 voucher would be increased from a one-bedroom voucher to a two-bedroom voucher to by Denver Housing's HUD/Section 8 Department to accommodate his Disabilities and need for a live-in caregiver. Age Discrimination Act 42 U.S.C. §§ 6101 – 6107, Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189FTR Retaliation under 42 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation

18. Plaintiff Barwick asserts that Defendants former Community Manager Gus Quinonez 1st promised the Plaintiff an 8th floor apartment in April but never followed through with it. Plaintiff

asked if he could see it and Gus told him that it wasn't ready to be seen. Plaintiff Barwick asserts that Defendants former Community Manager Gus Quinonez again stated on May 14, 2020 that not only was the 8th floor apartment available but there was also one available on the 4th floor. Age Discrimination Act 42 U.S.C. §§ 6101 – 6107, Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189 FTR under 42 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c)(6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment,

19. Plaintiff Barwick asserts that aforementioned statements by Defendants former Community Manager Gus Quinonez his refusals to rent or housing Refuse to negotiate for housing Otherwise make housing unavailable are all prohibited acts and a violation of rights under federal statures as claimed by Plaintiff Barwick in his CLAIM ONE Age Discrimination Act 42 U.S.C. §§ 6101 – 6107, Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189 FTR Retaliation under 42 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation

20. Plaintiff Barwick asserts on May 14, 2020 Defendants former Community Manager Gus Quinonez again violated his rights by harassing him in person by without notice by coming to the Plaintiff's 6th floor apartment unannounced, banging on his door to allegedly to notify him of a proposed rent increase and threatening him with a 3-day notice of eviction if he did not sign it. FTF Retaliation under 42 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c)(6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment,

21. Plaintiff Barwick asserts that aforementioned actions of Defendants former Community Manager Gus Quinonez on May 14, 2020 again violated his rights on May 14, 2020 by Defendants former Community Manager Gus Quinonez again violated his rights when Plaintiff Barwick asked. "Gus when was he going replace his molded carpet and bathroom vanity and told him that it was unfair to raise his rent without them completing his work orders. Gus refused to have the Defendants maintenance persons complete any of his work orders. Fail or delay performance of maintenance or repairs under 42 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c)(6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment,

22. Plaintiff Barwick asserts Defendants former Community Manager Gus Quinonez again violated his rights on May 14, 2020 by harassing him failing to perform any maintenance or repairs while threatening him with a 3-day notice of eviction if he did not sign it are all prohibited acts and a violation of rights under federal statures as claimed by Plaintiff Barwick in his CLAIM ONE. Age Discrimination Act 42 U.S.C. §§ 6101 – 6107, Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189 FTF under 42 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c)(6) Subpart H—Quid Pro Quo

and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment,

23. Plaintiff Barwick asserts on May 28, 2020 he again let Defendants Broadway Lofts LLC, Pacificap Management Regional Manager Violeta K. Vitkova, Chad I Rennaker and former Community Manager Gus Quinonez, know that his HUD/Section 8 voucher had increased to a two bedroom and Plaintiff Barwick would have a live-in caretaker former Community Manager Gus Quinonez again promised that he could upgrade us to a two bedroom and took Plaintiff's live-in Caretaker's information issuing her a parking permit to be affixed to and displayed in her window. 42 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c)(6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment,

24. Plaintiff Barwick asserts on May 28, 2020 that Defendant's former Community Manager Gus Quinonez who personally gave Plaintiff Barwick and his live-in caregiver one of the above of the named Defendant's underground parking permits to their parking garage. Refuse to rent or sell housing Defendants all Refuse to negotiate for housing or otherwise make housing unavailable under 42 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation

25. Plaintiff Barwick asserts that Defendants all by their Refusal to rent housing to he and his live-in caregiver any of their stated available housing on the 4th floor and 8th floor by former and current Community Managers Refusals to negotiate for said housing on May 14th,28th July 16th 2020 that of the named Defendants violated his rights under the otherwise make housing unavailable violated his rights under are all prohibited acts and a violation of rights under federal statures as claimed by Plaintiff Barwick in his CLAIM ONE Age Discrimination Act 42 U.S.C. §§ 6101 – 6107, Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189 under 42 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation

26. Plaintiff Barwick asserts that by all of the above named Defendants Refusals to rent any of their stated available housing on the 4th floor and 8th floor housing to he and his live-in caregiver of by former Community Manager Gus Quinonez or Refusal to negotiate for said housing the all of the above named Defendants violated his rights live-in caregiver any of their available 2 bed room otherwise make housing unavailable forcing them both to reside in his current apartment # 607 at 2330 Broadway in apartment 607 from October 1, 2013 until August 31, 2020 as all of the aforementioned Defendants tenant. Age Discrimination Act 42 U.S.C. §§ 6101 – 6107, Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189 Refuse to rent or sell housing Defendants all Refuse to negotiate for housing Otherwise make housing unavailable 42 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c)(6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment,

27. Plaintiff Barwick asserts that Regional Manager Violeta K. Vitkova and Chad I Rennaker as well as all of the other above named Defendants not only knew about the above named

Defendants prohibited acts, but by their refusal to rent but definitely, condoned them by virtue of their positions and the fact that he and his live-in caregiver did not receive any of their available 2 bed room promised apartments. Fair Housing Act 42 U.S.C.§§3601-19 Age Discrimination Act 42 U.S.C. §§ 6101 – 6107, Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189 under 42 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation Refuse to rent or sell housing Defendants all Refuse to negotiate for housing Otherwise make housing unavailable Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c)(6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment.

CLAIM D2. Darwynn L. Barwick Plaintiff is 63 yrs. old, African-American Disabled, and a HUD/ Section 8 client who leased with Defendants Broadway Plaza lofts. LLP, Managed by Pacificap Management Inc., at 2330 Broadway in apartment 607 from October 1, 2013 until August 31, 2020 as their tenant located in downtown Denver, Colorado.

Plaintiff Barwick asserts that Defendants Broadway Lofts LLC, Pacificap Management former Community Manager's Danielle, Gus Quinonez, Denise Hinojos and Assistant Community Manager Joel Zavala Jr.,Salvador Rai Valles Danielle, Gus Quinonez, Regional Manager Violeta K. Vitkova, Chad I Rennaker and Community Manager Ashley Williams all discriminated him because of his Age above 50 years old, because of his Race African American, because of his and because he is a HUD/Section 8 Client in violation of all the federal statutes Age Discrimination Act 42 U.S.C. §§ 6101 – 6107, Title II of the Americans with Disabilities Act of 199042 U.S.C. §§ 12131 – 12165 Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189 Race/ Color Title VI of the Civil Rights Act of 1964 42 U.S.C. § 2000d-1 Title III of the ADA Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c)(6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment 24 C.F.R. part 146. And 24 C.F.R. part 146 HUD Programs or Activities Receiving Federal Financial Assistance as he claimed in his CLAIM ONE and 42 U.S. Code § 12203. Prohibition against retaliation and coercion (a)(b)

1. Plaintiff Barwick asserts that under 42 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

2. Plaintiff Barwick asserts that he filed 2 charges of discrimination with the STATE OF COLORADO Department of Regulatory Agencies Civil Rights Division (DORA) Charge No. FH2018474259, HUD Charge No. 08-18-7963-8 the 1st being against the Defendant's Broadway Lofts LLC., Pacificap Management former Community Manager Denise Hinojos, and Assistant Community Manager Joel Zavala Jr., for their prohibited discriminatory housing practices. 42 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation

3. Plaintiff asserts that filed his 1st charge of discrimination on May 14, 2018 and any and further asserts that any and all adverse actions taken by the Defendants all, after that date are in retaliation for the Plaintive Barwick's of that initial filing of that Charge of Discrimination with the STATE OF COLORADO Department of Regulatory Agencies Civil Rights Division (DORA) Charge No. FH2018474259, HUD Charge No. 08-18-7963-8

4. Plaintiff asserts that filed a charge of discrimination against the Defendant's Broadway Lofts LLC., Pacificap Management former Community Manager Denise Hinojos, and Assistant Community Manager Joel Zavala Jr., for their prohibited discriminatory housing practices. 42 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation

5. Plaintiff Barwick asserts on May 19, 2018 at 3:25 AM someone in the Defendant's Broadway Lofts LLC., Pacificap Management former Community Manager Denise Hinojos, and Assistant Community Manager Joel Zavala employ unlawfully entered his Plaintiff's apartment while he slept and placed his glasses that were stolen earlier that week in his refrigerator plaintive called the police. Plaintiff Barwick submits the fact that this is a violation state laws Colorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary CRS §4-3-420 / Elements of Conversion and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment

harassment. 42 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c)(6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment

6. Plaintiff Barwick asserts on May 21, 22, 23rd and 25th someone again in the Defendant's Broadway Lofts LLC., Pacificap Management former Community Manager Denise Hinojos and Assistant Community Manager Joel Zavala Jr.'s employ again unlawfully entered Plaintiff Barwick's on May 26 and 30th of 2018. Plaintiff Barwick submits the fact that this is a violation state laws Colorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary CRS §4-3-420 / Elements of Conversion and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment. 42 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c)(6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment

7. Plaintiff, Barwick asserts that filed his 2nd charge of discrimination with the STATE OF COLORADO Department of Regulatory Agencies Civil Rights Division (DORA) Charge No. FH2018474259, HUD Charge No. 08-18-7963-8 against Defendant's Broadway Lofts LLC, Pacificap Management former Community Manager Gus Quinonez for his prohibited Discriminatory housing practices in retaliation for Plaintiff Barwick filling 1st Charge of Discrimination against the above-named Defendants all. 42 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c)(6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment

8. Plaintiff, Barwick asserts that on 10/01/2013 that he and Denver Housing's HUD/Section 8 Department entered into a contract his lease, with Defendant's Broadway Lofts LLC, Pacificap Management's Regional Manager Violeta K. Vitkova, Chad I. Rennaker and former Community Manager Denise Hinojos required that he pay his rent by money order only whereas other's not of his age, race, disability or housing status were allowed to write checks even after some of them had bounced. Plaintiff Barwick asserts her setting different terms or conditions in the rental of their property is violation of his rights a violation Fair Housing Act 42 U.S.C. §§ 3601-19 Title VIII of the Civil Rights Act of 1968 (Fair Housing Act), Title VI of the Civil Rights Act of 1964 42 U.S.C. § 2000d-1 Title VI Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title II of the ADA Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189 Title III of the ADA

9. Plaintiff, Barwick asserts that on May 14, 2018 Plaintiff filed with Colorado Civil Rights Commission. Plaintiff submits that it is a fact that in April 2018 Plaintiff saw Assistant Manager Joel Zavala wearing the pair of the glasses Plaintiff had reported stolen he and Salvador Rai Valles lived together on the 9th floor where his stolen glasses were kept Plaintiff Barwick submits the fact that this is a violation state laws Colorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary CRS §4-3-420 / Elements of Conversion and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment.

10. Plaintiff Barwick asserts that it is a fact that on April 2018 Plaintiff saw Assistant Manager Joel Zavala wearing a pair the glasses that had been reported stolen on 2 occasions but due to the fact that after his initial lease he was made a month-to-month tenet and Joel Zavala being Defendant's Broadway Lofts LLC, Pacificap Management's Regional Manager Violeta K. Vitkova, Chad I.

Rennaker and former Community Manager Denise Hinojos Assistant Manager. Plaintiff Barwick could have been made homeless at the stroke of his pen had the Plaintiff approached him. He and his significant other lived Salvador Rai Valles are both named this lawsuit because at the time the glasses disappearance they lived together on the 9th floor making them both guilty. Plaintiff Barwick submits the fact that this is a violation state laws Colorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary CRS §4-3-420 / Elements of Conversion and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment.

11. Plaintiff Barwick asserts on March 3, 2018 Plaintiff placed a work order Defendant's Broadway Lofts LLC, Pacificap Management's former Community Manager's Denise Hinojos and Assistant Community Manager Joel Zavala Jr. to fix vanity in bathroom neither of them fixed it nor did their former Community Manager Gus Quinonez. 42 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation Plaintiff Barwick asserts her setting different terms or conditions in the rental of their property is violation of his rights a violation Fair Housing Act 42 U.S.C. §§ 3601-19 Title VIII of the Civil Rights Act of 1968 (Fair Housing Act), Title VI of the Civil Rights Act of 1964 42 U.S.C. § 2000d-1 Title VI Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title II of the ADA Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189 Title III of the ADA

12. Plaintiff Barwick asserts on March 13, 2018 Plaintive was allowed to view the video tape by Defendant's Broadway Lofts LLC, Pacificap Management's former Community Manager's Denise Hinojos and Assistant Community Manager Joel Zavala Jr's. video tapes of outside his apartment after returning from New Orleans concerning the theft his property over $28,000.00. Plaintiff Barwick submits the fact that this is a violation state laws Colorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary CRS §4-3-420 / Elements of Conversion and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment. Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c)(6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment.

13. Plaintiff Barwick asserts on May 17,18,26,31 then again on June1,2 of 2018 Plaintiff noticed that someone had been in his apartment. Plaintiff Barwick submits the fact that this is a violation state laws Colorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary CRS §4-3-420 / Elements of Conversion and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment. Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c)(6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment

14. Plaintiff Barwick asserts on August 3, 2018. Defendant's Broadway Lofts LLC, Pacificap Management's former Community Manager's Denise Hinojos personal told me that her uncle was in the Ku Klux Klan. Plaintiff Barwick asserts her setting different terms or conditions in the rental of their property is violation of his rights a violation Fair Housing Act 42 U.S.C. §§ 3601-19 Title VIII of the Civil Rights Act of 1968 (Fair Housing Act), Title VI of the Civil Rights Act of 1964 42 U.S.C. § 2000d-1 Title VI Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title II of the ADA Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189 Title III of the ADA Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c)(6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment

15. Plaintiff Barwick asserts in Sept Plaintiff Barwick saw Defendant's Broadway Lofts LLC, Pacificap Management's former Community Manager's Denise Hinojos Maintenance man Jairo Peña exiting the north side of the Defendant's building with Plaintiff's leather garment bag. Plaintiff Barwick submits the fact that this is a violation state laws Colorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary CRS §4-3-420 / Elements of Conversion and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment. Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c)(6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment

16. Plaintiff Barwick asserts on October 3, 2018 his house had been unlawfully entered in again Plaintiff Barwick submits the fact that this is a violation state laws Colorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary CRS §4-3-420 / Elements of Conversion and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment. Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c)(6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment

17. Plaintiff asserts that on 3 separate occasion he was told to come and sign a lease by Defendant's Broadway Lofts LLC, Pacificap Management's former Community Manager's each it was a problem October 30, 2018 at 9:30 AM Plaintiff went to sign his lease and they said that there were some things that they had to do before he could sign per Assistant Community Manager Arlette, went back on the 31st and Community Manager Jessica said the system was down when Again couldn't sign a lease and again on November 5 at 1:44 PM Plaintiff again went to sign a lease April 20, 2019 the office was closed. Plaintiff Barwick asserts her setting different terms or conditions in the rental of their property is violation of his rights a violation Fair Housing Act 42 U.S.C. §§ 3601-19 Title VIII of the Civil Rights Act of 1968 (Fair Housing Act), Title VI of the Civil Rights Act of 1964 42 U.S.C. § 2000d-1 Title VI Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title II of the ADA Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189 Title III of the ADA

18. Plaintiff asserts that he was only given 2 leases by Defendant's Broadway Lofts LLC, Pacificap Management's former Community Manager's in six years one on 10/01/13 and the other on 01/14/19 Plaintiff Barwick asserts her setting different terms or conditions in the rental of their property is violation of his rights a violation Fair Housing Act 42 U.S.C. §§ 3601-19 Title VIII of the Civil Rights Act of 1968 (Fair Housing Act), Title VI of the Civil Rights Act of 1964 42 U.S.C. § 2000d-1 Title VI Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title II of the ADA Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189 Title III of the ADA

19. Plaintiff Barwick asserts that on Feb 27, 2019 his clothes rack collapsed in his bedroom closet Defendants former Community Manager Gus Quinonez did not fix it until April 2019. 42 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation Plaintiff Barwick asserts her setting different terms or conditions in the rental of their property is violation of his rights a violation Fair Housing Act 42 U.S.C. §§ 3601-19 Title VIII of the Civil Rights Act of 1968 (Fair Housing Act), Title VI of the Civil Rights Act of 1964 42 U.S.C. § 2000d-1 Title VI Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title II of the ADA Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189 Title III of the ADA

20. Plaintiff Barwick asserts that on April 10, 2019 he spoke with Defendants Broadway Lofts LLC, Pacificap Management former Community Manager Gus Quinonez, about repairing his closet as well as his other maintenance requests for his carpet, stove dishwasher and bathroom vanity. Gus said he was reluctant to respond to Plaintiff Barwick's maintenance requests because the plaintiff had filed a complaint of discrimination with the STATE OF COLORADO Department of Regulatory Agencies Civil Rights Division (DORA) 42 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation Plaintiff Barwick asserts her setting different terms or conditions in the rental of their property is violation of his rights a violation Fair Housing Act 42 U.S.C. §§ 3601-19 Title VIII of the Civil Rights Act of 1968 (Fair Housing Act), Title VI of the Civil Rights Act of 1964 42 U.S.C. § 2000d-1 Title VI Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title II of the ADA Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189 Title III of the ADA

21. Plaintiff Barwick asserts that he repeatedly contacted Defendants Broadway Lofts LLC, Pacificap Management former Community Manager Gus Quinonez, about repairing about a recurring sludge problem in both the kitchen and the in the bathroom sink Gus failed to fix the problem March 3, 2018 Plaintiff Barwick asserts her setting different terms or conditions in the rental of their property is violation of his rights a violation Fair Housing Act 42 U.S.C. §§ 3601-19 Title VIII of the Civil Rights Act of 1968 (Fair Housing Act), Title VI of the Civil Rights Act of 1964 42 U.S.C. § 2000d-1 Title VI Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title II of the ADA Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189 Title III of the ADA

22. Plaintiff Barwick asserts that on December 30, 2019 sludge in the kitchen sink black sludge called maintenance they never got back with him Plaintiff Barwick asserts her setting different terms or conditions in the rental of their property is violation of his rights a violation Fair Housing Act 42 U.S.C. §§ 3601-19 Title VIII of the Civil Rights Act of 1968 (Fair Housing Act), Title VI of the Civil Rights Act of 1964 42 U.S.C. § 2000d-1 Title VI Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 12165 Title II of the ADA Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189 Title III of the ADA

23. Plaintiff Barwick asserts that on January 1-4, 2020 the lights were out just in front of his apartment and it was dark a violation federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment. 42 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c)(6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment

24. Plaintiff Barwick asserts that on February 3, 2020 Defendants Broadway Lofts LLC, Pacificap Management former Community Manager Gus Quinonez told me to sign a lease or they will evict to me within 30 days. 42 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation Plaintiff Barwick asserts her setting different terms or conditions in the rental of their property is violation of his rights a violation Fair Housing Act 42 U.S.C. §§ 3601-19 Title VIII of the Civil Rights Act of 1968 (Fair Housing Act), Title VI of the Civil Rights Act of 1964 42 U.S.C. § 2000d-1 Title VI Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title II of the ADA Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189 Title III of the ADA

25. Plaintiff Barwick asserts that on July 30, 2020 Defendants Broadway Lofts LLC, Pacificap Management former Community Maintenance Manager Jairo Pena came into my

apartment and took paperwork from a prospective landlord without my permission. Plaintiff Barwick asserts that the named Defendants all, are currently retaliating against him for filing charges of discrimination with the STATE OF COLORADO Department of Regulatory Agencies. 42 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation

26. Plaintiff Barwick asserts that Denise Hinojos her former Assistant Community Manager Joel Zavala Community Manager Gus Quinonez, Regional Manager Violeta K. Vitkova. In addition, the Defendants then Property Manager Gus Quinonez warned the Plaintiff "don't fail your inspection" "Which the plaintiff interpreted to be a threat for filing his complaint of discrimination. 42 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation Plaintiff Barwick asserts her setting different terms or conditions in the rental of their property is violation of his rights a violation Fair Housing Act 42 U.S.C. §§ 3601-19 Title VIII of the Civil Rights Act of 1968 (Fair Housing Act), Title VI of the Civil Rights Act of 1964 42 U.S.C. § 2000d-1 Title VI Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title II of the ADA Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189 Title III of the ADA

27. On May 28, 2020 Plaintiff Barwick again let Defendants Broadway Lofts LLC, Pacificap Management Regional Manager Violeta K. Vitkova, Chad I Rennaker and former Community Manager Gus Quinonez, know that his HUD/Section 8 voucher had increased to a two bedroom and Plaintiff Barwick would have a live-in caretaker former Community Manager Gus Quinonez again promised that we could upgrade to a two bedroom and took my live-in Caretaker's information issuing her a parking permit to her by Defendants Broadway Lofts LLC, Pacificap Management Regional Manager Violeta K. Vitkova, Chad I Rennaker and former Community Manager Gus Quinonez who personally Plaintiff Barwick and his live-in caregiver Defendant's underground parking garage. Plaintiff Barwick asserts that same parking permit was displayed in the window her Jeep when it solely was vandalized at their residence on January 16, 2021. 42 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation

Plaintiff attaches to this his complaint/lawsuit in Civil Action No 1:21-cv-01394-LTB/GPG a copy of his letter from STATE OF COLORADO Department of Regulatory Agencies Civil Rights Division (DORA) Charge No. FH2018474259, HUD Charge No. 08-18-7963-8 an administrative agency that authorized him to file his lawsuit on 06/18/2019. Plaintiff Barwick asserts that its relevance is that his filling is timely and it supports his claims that he is a member of protected of groups protected by the Fair Housing Act. Plaintiff Barwick asserts that this Most Honorable Court please see the attached, 6pg, letter from STATE OF COLORADO Department of Regulatory Agencies Civil Rights Division (DORA) Charge No. FH2018474259, HUD Charge No. 08-18-7963-8 dated 06/18/2019 his "EXHIBIT A.

**EXHIBIT A**

COLORADO
Department of
Regulatory Agencies
Colorado Civil Rights Division

Charge No. FH2018474259
HUD Charge No. 08-18-7963-8

| | |
|---|---|
| Darwynn Barwick<br>2330 Broadway Street<br>Apartment 607<br>Denver, CO 80205 | Complainant |
| Broadway Plaza Lofts, LLLP<br>2330 Broadways Street, Suite 106<br>Denver, CO 80205 | Respondent |
| PacifiCap Management, Inc.<br>2330 Broadways Street, Suite 106<br>Denver, CO 80205 | Respondent |
| Denise Hinojos<br>2330 Broadways Street, Suite 106<br>Denver, CO 80205 | Respondent |
| Joel Zavala<br>2330 Broadways Street, Suite 106<br>Denver, CO 80205 | Respondent |

## DETERMINATION

### Jurisdiction

Under the authority vested in me by C.R.S. 24-34-306 (2), I conclude from our investigation that there is insufficient evidence to support the Complainant's claim of discrimination. As such, a **No Probable Cause** determination is hereby issued.

The Respondents are a person within the meaning of C.R.S. 24-34-501 (3), as re-enacted, and the timeliness and all other jurisdictional requirements pursuant to Title 24, Article 34, Parts 3 and 5 have been met.

**EXHIBIT A**

COLORADO
Department of Regulatory Agencies
Colorado Civil Rights Division

Charge No. FH2019410419
HUD Charge No. 08-19-9587-8

| | |
|---|---|
| Darwynn Barwick<br>2330 Broadway<br>#607<br>Denver, CO 80205 | Complainant |
| Broadway Plaza Lofts, LLLP<br>2330 Broadway Street<br>Suite 106<br>Denver, CO 80205 | Respondent |
| PacifiCap Management, Inc.<br>2330 Broadway Street<br>Suite 106<br>Denver, CO 80205 | Respondent |
| Gus Quinonez<br>PacifiCap Management, Inc.<br>2330 Broadway Street<br>Suite 106<br>Denver, CO 80205 | Respondent |

## DETERMINATION

### Jurisdiction

Under the authority vested in me by C.R.S. 24-34-306 (2), I conclude from our investigation that there is insufficient evidence to support the Complainant's claim of discrimination. As such, a **No Probable Cause** determination is hereby issued.

**EXHIBIT A**

Respondent Broadway Plaza Lofts ("Broadway Plaza") is a low-income housing property with approximately 228 units located at 2330 Broadway at 2330 Broadway Street, Denver, CO 80205. Respondent PacifiCap Management, Inc. ("PacifiCap") is the property management company of the subject property. Respondent Denise Hinojos ("Hinojos")(protected class status not disclosed) is the current Property Manager of the subject property. Respondent Joel Zavala ("Zavala")(protected class status not disclosed) was the Assistant Manager until June 15, 2018.

<u>Allegations and Defenses</u>

The Complainant alleges that on or about January 12, 2018, prior thereto and continuing, Respondent Broadway Plaza Lofts, LLLP, as Owner of the subject property located at 2330 Broadway Street, Denver, CO, acting by and through Respondent PacifiCap, Respondent Hinojos, and Respondent Zavala, its agents and employees, subjected the Complainant to discriminatory terms, conditions, privileges, or services and facilities of said housing because of the Complainant's race/color (African-American/Black), and/or disabilities (physical and mental).

The Respondents deny the allegations of discrimination. The Respondents contend that they did not refuse to give the Complainant a new lease, but rather were waiting on Denver Housing Authority to approve a rent increase before they could sign a new lease. The Respondents deny removing any personal items from Complainant's apartment and assert that there is a record of the Complainant as a tenant.

<u>Relevant Policies and Comparative Data</u>

The Complainant receives assistance from Denver Housing Authority ("DHA"). According to Respondent Broadway Plaza and Respondent PacifiCap's policy, in order for a housing resident to be renewed, DHA has to approve the renewal lease and approve the rent increase, if there is one. Once DHA approves the tenant's lease renewal, the Respondents will offer the tenant a renewal lease to sign.

The Respondents aver that approximately 22% of the tenants at the subject property are African-American, 49% are Caucasian, and the remaining percentage includes other races, including Hispanic, Asian, and Native American. The Respondents maintain that Respondent Broadway Plaza rents to disabled tenants.

<u>Legal Framework</u>

In this case, the Complainant has the burden to prove each element of each claim ("prima facie case") by a preponderance of the evidence. Preponderance of the evidence means evidence that is more convincing (even if minimally) than the evidence presented by the other party. If the Complainant meets this initial burden of proof, then the burden shifts to Respondents to provide a legitimate, non-discriminatory reason for the action taken. If the Respondents offer a legitimate, non-discriminatory reason for its action, the burden shifts back to the Complainant to prove that the reason

**EXHIBIT A**

asserted by the Respondents is a pretext or coverup for a discriminatory action. Colorado Civil Rights Commission v. Big O Tires, Inc., 940 P.2d 397 (Colo. 1997), and Ahmad Bodaghi and State Board of Personnel, State of Colorado v. Department of Natural Resources, 995 P.2d 288 (Colo. 2000).

Analysis

Disability:

1. The Complainant is a person with a disability if he or she has a physical or mental impairment that substantially limits one or more of his or her major life activities, has a record of a disability or is regarded as having a disability.
    a. Whether a person has a physical or mental impairment is broadly interpreted and includes a physiological disorder or condition, cosmetic disfigurement or anatomical loss affecting one or more body systems, such as neurological, musculoskeletal, special sense organs, respiratory, speech organs, cardiovascular, reproductive, digestive, genito-urinary, hemic, lymphatic, skin, endocrine, or any mental or psychological disorder, such as an intellectual disability, traumatic brain injury, emotional or mental illness, and specific learning disabilities.
    b. To qualify as a substantial limitation, a person's physical or mental impairment must limit a major life activity to a significant degree.
    c. Factors to consider in determining whether an individual is substantially limited in a major life activity include the nature and severity of the impairment, the duration of the impairment, and the actual or expected permanent or long-term impact of the impairment. An impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active. The determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures.
    d. Major life activity includes functions that are of central importance to daily life, such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, reading, concentrating and working. It also includes the operation of major bodily functions including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine and reproductive functions.
    e. A person is considered to have a record of a disability if he or she has a history of a substantially limiting impairment, regardless of whether he or she is currently limited in the performance of one or more major life activities.

**EXHIBIT A**

The Complainant is a person with a mental disability which substantially limits one or more major life activities. The Complainant provided documentation discussing his mental disability. As such, he is considered to be a person with a disability.

Discriminatory Terms While Negotiating a Lease/Mental Disability:

1. The complainant is a member of a group protected by the Fair Housing Act.
2. The complainant was the respondent's tenant.
3. The respondent imposed unfavorable or less favorable terms or conditions on the complainant's tenancy.
4. The respondent did not impose such terms or conditions on similarly situated inquirers/applicants not of the complainant's protected class

The Complainant is African-American/Black and lives with a disability which substantially limits one or more major life activities. The Complainant avers that he was placed on a month-to-month tenancy after his lease expired, but other residents outside of his protected classes were offered leases. He also contends that he is not recorded as a tenant, despite paying rent for several years, and believes that other tenants not of his protected classes are officially recorded as residing at the subject property. There is insufficient evidence to support the Complainant's allegations. The Respondents provided documents to refute the Complainant's first allegation which showed that the Complainant was put on a month-to-month lease along with 18 other tenants on a temporary basis until DHA approved the rent increase for the following year. The Respondents also provided the Complainant's lease, payment history, and items from his tenant file to refute the Complainant's claim that he was not recorded as a tenant. Given the Respondents' overwhelming evidence, the Division finds that there is insufficient evidence of discrimination.

Based on the evidence contained above, I determine that the Respondents have not violated C.R.S. 24-34-502, as re-enacted.

Appeal and Dismissal Information

In accordance with C.R.S. 24-34-306(2)(b)(I)(A) and Rule 10.6(A)(1) of the Commission's Rules of Practice and Procedure, the Complainant may appeal the dismissal of this claim to the Commission within ten (10) days, as set forth in the enclosed form.

If the Complainant wishes to file a civil action in an appropriate United States District Court or State district court in this state, which action is based on the alleged discriminatory housing practice that was the subject of the charge filed with the Colorado Civil Rights Commission/Division and the Office of Fair Housing and Equal Opportunity, U.S. Department of Housing and Urban Development (HUD), she must do so:

**EXHIBIT A**

a. No later than two years after the occurrence or termination of the alleged discriminatory housing practice, whichever occurs last;

b. The computation of this two year time period does not include any time during which an administrative proceeding was pending before HUD or the Colorado Civil Rights Commission/Division. Note that this does not mean that the Complainant has two years from the date of this notice. The computation of the two years also includes any time between the last discriminatory act and the date the Complainants filed a complaint with HUD and/or the Colorado Civil Rights Commission/Division.

If the Complainant does not file an action within the time limits specified above, such action will be barred and no United States District Court or State District Court shall have jurisdiction to hear such action. [C.R.S. 24-34-306(2)(b)(I)(A),(B),(C); [24-34-505.6(1)(2) ]; and [42 U.S.C. 3613(a)(1)(A)(B)].

Note to Parties: The investigation of this complaint was conducted by the Colorado Civil Rights Division. The investigation was conducted to determine whether the Colorado Anti-Discrimination Act, an act that has been determined to be substantially equivalent to the federal Fair Housing Act, was violated. The Colorado Civil Rights Division made the determination in this matter. Review or re-consideration of the determination must be addressed to the Colorado Civil Rights Commission through the appeals process, as described above.

On Behalf of the Colorado Civil Rights Division

[signature]
Aubrey Elenis, Director
Or Authorized Designee

6/18/2019
Date

**E. REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

See attached

**F. PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

[signature]
(Plaintiff's signature)

1/10/2022
(Date)

(Revised December 2017)

**REQUEST FOR RELIEF**

Wherefore, Darwynn L. Barwick Plaintiff a 64-year-old African American Disabled and a HUD/ Section 8 Client he respectfully requests that the Court grant the following relief:

a. A declaratory judgment finding the actions of all the Defendants violated the Age Discrimination Act 42 U.S.C. §§ 6101 – 6107 Title VI of the Civil Rights Act of 1964 42 U.S.C. § 2000d-1 Fair Housing Act 42 U.S.C.§§ 3601-19 Title VIII of the Civil Rights Act of 1968 (Fair Housing Act),Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 – 12189 and Title III of the ADA
b. A judgment finding that the defendants all did violate Fair Housing Act 42 U.S.C.§§ 3601-19 Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c)(6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment 24 C.F.R. part 146.
c. A judgment finding that the actions of the Defendants constitute negligent infliction of emotional distress and breach of contract.
d. A judgment finding that the Defendant's prior Property Managers Denise Hinojos and her Assistant Joel Zavala Broadway Plaza lofts LLP Managed by Pacificap Management Inc in violation of C.R.S § 38-12-503, C.R.S § 38-12-505 "Uninhabitable residential residence premises"

A permanent injunction prohibiting the Defendants from continuing to engage in the illegally discriminatory conduct alleged in this complaint, including without limitation, ordering defendants to take actions or steps reasonably calculated to resolve any and all complaints of neighbor on neighborhood harassment on the basis of age race, color or any other ground prohibited by the fair housing act of 1968 or the civil rights act of 1966.

e. Compensatory damages in the amount of $128,650 to fully compensate Plaintiff for out-of-pocket rent and his stolen property.
f. f. Compensatory damages in the amount that would fully compensate the plaintive for the loss of enjoyment humiliation and embarrassment physical harm and emotional distress and mental anguish caused by the defendants' violations of the law; Punitive damages in an amount that would punish the defendants for willful, wanton, and reckless misconduct and indifference as alleged in this Complaint and that would effectively deter the defendants from future discriminatory behavior.
g. All other relief deemed just and equitable by the court to include but not limited to the Defendant's all Insurances Full Policy Limits on their homes and or businesses.
h. Darwynn L. Barwick Plaintiff a 64-year-old African American Disabled and a HUD/ Section 8 Client he respectfully requests that the Court grant the following relief: A trial by a Jury of his peers.