FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2022 APR -8 PM 2:01

JEFFREY P. COLWELL
CLERK

BY________DEP. CLK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-01394-LTB / GPG
(To be supplied by the court)

DARWYNN L. BARWICK, Plaintiff

v.

SEE ATTACHED,

______________________,

______________________,

______________________, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

**COMPLAINT**

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

Civil Action No. 1:21-cv-01394-LTB / GPG

**Defendant(s):**

BROADWAY LOFTS LLC.

PACIFICAP MANAGEMENT

ASHLEY WILLIAMS

CHAD I. RENNAKER

SALVADOR RAI VALLES

JOEL ZAVALA JR.

DENISE HINOJOS

VIOLETA K. VITKOVA

GUS QUINONEZ

**A. PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

DARWYNN L. BARWICK 3773 WALNUT ST. #403 DENVER, CO 80205
(Name and complete mailing address)

303-491-8950 DARWYNNBARWICK@YAHOO.COM
(Telephone number and e-mail address)

**B. DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: BROADWAY LOFTS LLC. 2330 BROADWAY ST. SUITE 106 DENVER
(Name and complete mailing address)

303-298-1329 BROADWAYPLAZALOFTS2PMIFORWARD.COM
(Telephone number and e-mail address if known)

Defendant 2: PACIFICAP MANAGEMENT 412 NW 5TH AVE. SUITE 200 PORTLAND
(Name and complete mailing address)

303-427-3039
(Telephone number and e-mail address if known)

Defendant 3: ASHLEY WILLIAMS 2330 BROADWAY ST. SUITE 106 DENVER, CO 8
(Name and complete mailing address)

303-298-1329
(Telephone number and e-mail address if known)

Defendant 4: CHAD I. RENNAKER 2330 BROADWAY ST. SUITE 106 DENVER, CO
(Name and complete mailing address)

303-298-1329
(Telephone number and e-mail address if known)

## C.JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States) List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

Jurisdiction is conferred on this Court by 42 U.S.C. § 3613(a)-(b) and by 28 U.S.C. §§ 1331, 1337, 1343,1368(a) and 2201.CRS Title 38 § 38-12-103.(1)(2)(a)(b), CRS 18-9-111.The Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the related state law claims for breach of contract, negligent infliction of emotional distress, and intentional infliction of emotional distress Venue is proper in this District because the claims arose in the city and county of Denver, Colorado.

Plaintiff, Darwynn L. Barwickwho is a disabled 64-year-old African Americanisalleging a continuing pattern of discriminatory conduct in violation of:

- The Fair Housing Act
  - 42 U.S.C.§§ 3601-19
  - § 100.400, add paragraph (c)(6) Subpart H
  - § 100.600
  - 24 C.F.R. part 146
- The Americans with Disabilities Act

## D. STATEMENT OF CLAIM(S)

*State clearly and concisely every claimthat you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim,including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s)involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s).If additional space isneeded to describe any claimor to assert additional claims, use extra paper to continue thatclaimor to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: The Fair Housing Act & Americans with Disabilities Act., C.R.S. Title 38 Property Real and Personal § 38-12103 (1)(2)(a) and (b)Return of Security Deposit.

Supporting facts: Plaintiff Barwick asserts that under 42 U.S. Code § 12203. Prohibition against retaliation and coercion (a) RETALIATION No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

Plaintiff, Barwick asserts that filed 2 charges of discrimination with the STATE OF COLORADO Department of Regulatory Agencies Civil Rights Division (DORA) Charge No. FH2018474259, HUD Charge No. 08-18-7963-8 against the Defendant's Broadway Lofts LLC, Pacificap Management former Community Manager Denise Hinojos, and Assistant Community Manager Joel Zavala Jr., for their prohibited discriminatory housing practices. FTF No lease.

Plaintiff, Barwick asserts that filed his 2nd charge of discrimination with the STATE OF COLORADO Department of Regulatory Agencies Civil Rights Division (DORA) Charge No. FH2018474259, HUD Charge No. 08-18-7963-8 against Defendant's Broadway Lofts LLC, Pacificap Management former Community Manager Gus Quinonez for his prohibited discriminatory housing practices in retaliation for Plaintiff Barwick filling 1st Charge of Discrimination against the above-named Defendants all. Darwynn L. Barwick, REL FTF Fail or delay performance of maintenance repairs.

Plaintiff attaches to this his complaint/lawsuit in Civil Action No 1:21-cv-01394-LTB/GPG a copy of his letter from STATE OF COLORADO Department of Regulatory Agencies Civil Rights Division (DORA) Charge No.FH2018474259, HUD Charge No. 08-18-7963-8 an administrative agency that authorized him to file his lawsuit on 06/18/2019. Plaintiff Barwick asserts that its relevance is that his filling is timely and it supports his claims that he is a member of protected of groups protected by the Fair Housing Act. & Americans with Disabilities Act. Plaintiff Barwick asserts that this Most Honorable Court please see the attached, 6-page letter from STATE OF COLORADO Department of Regulatory Agencies Civil Rights Division (DORA) Charge No. FH2018474259, HUD Charge No. 08-18-7963-8 dated 06/18/2019 his EXHIBIT A. is already in evidence.

Darwynn L. Barwick Plaintiff is Disabled, African-American Male and a HUD/ Section 8 client that is a member of Protected Classes who leased with Defendants Broadway Plaza lofts. LLP, Managed by Pacificap Management Inc. at 2330 Broadway in apartment #607 from October 1, 2013 until August 31, 2020 as the Defendant'stenant in downtown Denver, Colorado.

*"D. STATEMENT OF CLAIMS.*

CLAIM ONE: The Fair Housing Act & Americans with Disabilities Act., C.R.S. Title 38 Property Real and Personal § 38-12103 (1)(2)(a) and (b)Return of Security Deposit.

Supporting facts: Plaintiff asserts that Defendants Broadway Lofts LLC, Pacificap Management former Community Manager's Danielle, Gus Quinonez, Denise Hinojos and Assistant Community Manager Joel Zavala Jr, Regional Manager Violeta K. Vitkova, Chad I Rennaker and Community Manager Ashley Williams all discriminated against him by intentionally and maliciously allowing federally prohibited acts HARASS A PERSON, SETTING DIFFERENT TERMS CONDITIONS OR PRIVILEGES FOR SALE OR RENTAL OF A DWELLING to be perpetrated against Plaintiff Barwick in violation of the above federal Fair Housing Act 42 U.S.C. §§ 3601-19 Fair Housing Act 42 U.S.C. §§ 3601-19 and 42 U.S.C. § 12203. Prohibition against retaliation and coercion (a) Retaliation Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title III of the Americans with Disabilities Act of 1990. C.R.S. Title 38 Property Real and Personal § 38-12103 (1)(2)(a) and (b)Return of Security Deposit. Title III of the ADA Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c)(6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment 24 C.F.R. part 146. And 24 C.F.R. part 146 HUD Programs or Activities Receiving Federal Financial Assistance by continually violating his rights by their commission of the following prohibited acts from October 1, 2013 thru August 31, 2020 and ongoing.

HARASS A PERSON

Plaintiff Darwynn L. Barwick did a walk-through on 08/31/2020 with the Defendant's Broadway Lofts LLC, Pacificap Management Regional Manager Violeta K. Vitkova, Chad I Rennaker and Community Manager Ashley Williams Community Manager Ashley Williams assistant. Plaintiff, Barwick submits that despite the fact he surrendered the Defendant's property to them on 08/31/2020 Community Manager Ashley Williams choose to harass he and his care giver at their new residence by phone. On 09/24/2021 Ashley Williams Community Manager (BRPL) pmbroadwayplazalofts@pmiforward.com left a voice message on plaintiff's cell phone, "Hi darlin' this is Ashley from Broadway Plaza lost in the leasing office I wanted to give you a call because you have a balance due of almost $2000 and I see that your housing ___ ___ paid him their payment _____ portion and neither did you I was calling to see um if the housing is not paying anymore um or what's going on can you please call me back at 303-298-1329 thank you…" this was and is HARASS A PERSON a prohibited act a violation of Plaintiff Barwick's rights under the federal Fair Housing Act 42 U.S.C. §§ 3601-19 Fair Housing Act 42 U.S.C. §§ 3601-19, 42 U.S.C. § 12203. Prohibition against retaliation and coercion (a) Retaliation, Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title III of the Americans with Disabilities Act of 1990. C.R.S. Title 38 Property Real and Personal § 38-12103 (1)(2)(a) and (b) Return of Security Deposit. Title III of the ADA Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c) (6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment 24 C.F.R. part 146. And 24 C.F.R. part 146 HUD Programs or Activities Receiving Federal Financial Assistance.

2. On Friday, December 4, 2020 at 2:41 PM, Defendant's Broadway Lofts LLC, Pacificap Management Regional Manager Violeta K. Vitkova, Chad I Rennaker and Community Manager Ashley Williams Community Manager Ashley Williams wrote: Darwynn, Please see attached the move out pictures taken from your apartment 607. As I stated to you this am when we spoke, and in email I would like to void the check that was sent to your last known address here at Broadway as you previously refuse to give me a new forwarding address for you. Plaintiff Barwick asserts on he took possession of his current residence on 08/14/2020 and already forwarded and was receiving his mail at his new residence.

*"D. STATEMENT OF CLAIMS.*

CLAIM ONE: The Fair Housing Act & Americans with Disabilities Act., C.R.S. Title 38 Property Real and Personal § 38-12103 (1)(2)(a)and(b)Return of Security Deposit cont.

HARASS A PERSON

Supporting facts: 2. cont. Plaintiff submits the exact date of his address change is already in evidence and this was and is a violation of a prohibited act of HARASS A PERSON a prohibited act a violation of Plaintiff Barwick's rights under the federal Fair Housing Act 42 U.S.C. §§ 3601-19 Fair Housing Act 42 U.S.C. §§ 3601-19, 42 U.S.C. § 12203. Prohibition against retaliation and coercion (a) Retaliation, Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title III of the Americans with Disabilities Act of 1990.C.R.S. Title 38 Property Real and Personal § 38-12103 (1)(2)(a) and (b) Return of Security Deposit. Title III of the ADA Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c) (6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment 24 C.F.R. part 146. And 24 C.F.R. part 146 HUD Programs or Activities Receiving Federal Financial Assistance.

3. On Mon, Dec 7, 2020 at 3:01 PM Plaintiff wrote: to Defendant's Broadway Lofts LLC, Pacificap Management Regional Manager Violeta K. Vitkova, Chad I Rennaker and Community Manager Ashley Williams Com Dear Ashley, Thanks for the pictures but they aren't the way we left the apt and yes there are police reports and as you stated that I owed $150 for the cleaning that too is untrue. As I said before Gus gave me a copy of my file and it states that the first hour is free and I would be billed at a rate of $25 an hour for any additional hours were needed which you say in total equals three so 500-50 = $450 if the pictures you sent where true but they aren't. So I am again giving you notice to correct the falsehoods and promptly return my money to me in it's entirely I will pick it up! The issue of my stolen property from my apartment as well as the forged documents contained in file is are a separate issue. I believe that Violeta may know that this issue has happened before and that person received 6 months free rent. Respectfully Submitted, Darwynn Barwick.

4. On Jan 16, 2021 Plaintiff Barwick's caretaker's jeep was the only vehicle vandalized as it sat on the street amongst a group of other vehicles it visually showed the Defendant's parking sticker near my new residence allegedly unknown to the Defendant's after Plaintiff Barwick requested the return of his security deposit 4 month and 2 two weeks later. Plaintiff submits that the Defendants all knew or should have known of his new address this was and is a violation of a prohibited act HARASS A PERSON and a violation of Plaintiff Barwick's rights in violation of prohibited acts under Fair Housing Act 42 U.S.C. §§ 3601 and 42 U.S.C.§12181 –1218942 U.S. Code § 12203. Prohibition against retaliation and coercion (a) Retaliation. Title II of the Americans with Disabilities Act of 199042 U.S.C. §§ 12131 – 12165 Title III of the Americans with Disabilities Act of 1990. Title III of the ADA Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c)(6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment 24 C.F.R. part 146. And 24 C.F.R. part 146 HUD Programs or Activities Receiving Federal Financial Assistance. Plaintiff submits his change of address that given the U.S. Postal Service is already in evidence with the court.

5. Plaintiff Barwick asserts on May 14, 2020 Defendants Broadway Lofts LLC, Pacificap Management Regional Manager Violeta K. Vitkova, Chad I Rennaker then Community Manager Gus Quinonez violated his rights by harassing him in person by without notice by coming to the Plaintiff's 6th floor apartment unannounced, banging on his door to allegedly to notify him of a proposed rent increase and threatening him with a 3-day notice of eviction if he did not sign it.

*"D. STATEMENT OF CLAIMS".*

CLAIM ONE: The Fair Housing Act & Americans with Disabilities Act., C.R.S. Title 38 Property Real and Personal § 38-12103 (1)(2)(a) and (b)Return of Security Deposit. cont.

HARASS A PERSON

Supporting facts: 5. cont. Plaintiff Barwick asserts that aforementioned statements by Defendants Broadway Lofts LLC, Pacificap Management Regional Manager Violeta K. Vitkova, Chad I Rennaker then Community Manager Gus Quinonez refusals to rent or housing or his refusal to negotiate for housing Otherwise make housing unavailable are all prohibited acts to HARASS A PERSON a violation of his rights under the Fair Housing Act 42 U.S.C. §§ 3601-19 and 42 U.S.C. § 12203.Prohibition against retaliation and coercion (a) Retaliation Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title III of the Americans with Disabilities Act of 1990. Title III of the ADA Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c) (6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment24 C.F.R. part 146. And 24 C.F.R. part 146 HUD Programs or Activities Receiving Federal Financial Assistance.

CLAIM ONE: The Fair Housing Act & Americans with Disabilities Act., C.R.S. Title 38 Property Real and Personal § 38-12103 (1)(2)(a) and (b)Return of Security Deposit.

SETTING DIFFERENT TERMS CONDITIONS OR PRIVILEGES FOR SALE OR RENTAL OF A DWELLING.

Supporting facts: 6. Plaintiff Barwick asserts that the Defendant's Broadway Lofts LLC, Pacificap Management, Regional Manager Violeta K. Vitkova, Chad I. Rennaker and former Community Manager Denise Hinojos prohibited discriminatory conduct started when he signed his lease on 10/01/2013 Community Manager Denise Hinojos required that he pay $500.00 security deposit and $100.00 for a parking pass despite the fact that he didn't have a car. Plaintiff Barwick asserts her setting different terms or conditions in the rental of their property is prohibited act in violation of his rights under the Fair Housing Act 42 U.S.C. §§ 3601-19 and 42 U.S.C. § 12203. Prohibition against retaliation and coercion (a) Retaliation Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title III of the Americans with Disabilities Act of 1990. Title III of the ADA Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c) (6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment 24 C.F.R. part 146. And 24 C.F.R. part 146 HUD Programs or Activities Receiving Federal Financial Assistance.

7. Plaintiff Barwick a Disabled, African-American Male and a HUD/Section 8 client asserts that Defendants Broadway Lofts LLC, Pacificap Management former Community Manager's Gus Quinonez, Denise Hinojos and Assistant Community Manager Joel Zavala Jr. Danielle, Gus Quinonez, Regional Manager Violeta K. Vitkova, Chad I Rennaker and Community Manager Ashley Williams all discriminated against him in violation of his rights for their prohibited act of Setting Different Terms Conditions or Privileges for the Sale or Rental of a Dwelling by allowing persons who weren't Disabled, African-American Male and or HUD/Section 8 Clients.

CLAIM ONE: The Fair Housing Act & Americans with Disabilities Act., C.R.S. Title 38 Property Real and Personal § 38-12103 (1)(2)(a) and (b) Return of Security Deposit.

SETTING DIFFERENT TERMS CONDITIONS OR PRIVILEGES FOR SALE OR RENTAL OF A DWELLING. cont.

Supporting facts: 7 cont. By allowing other residents 6 months to sign yearly leases 2014-2017 while not allowing Plaintiff Barwick to do the same is a prohibited act in violation of his rights under the Fair Housing Act 42 U.S.C. §§ 3601-19 and 42 U.S.C. § 12203.Prohibition against retaliation and coercion (a) Retaliation Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title III of the Americans with Disabilities Act of 1990. Title III of the ADA Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c) (6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment 24 C.F.R. part 146. And 24 C.F.R. part 146 HUD Programs or Activities Receiving Federal Financial Assistance.

8. Plaintiff, Barwick asserts that the Defendant's Broadway Lofts LLC, Pacificap Management, Regional Manager Violeta K. Vitkova, Chad I. Rennaker and former Community Manager Denise Hinojos only allowed Plaintiff Barwick two sign to leases one on 10/01/2013 the other on until 10/10/18 making him month to month for over 4 years. Plaintiff Barwick asserts that all of the above-named Defendants would not and did not allow him to renew his lease but coarsest him to complete demographic information and other documents to include but not limited to periodic rent increases intimidating him by the threat of eviction or the non renewal of his lease if he did not sign Plaintiff, Barwick submits that on 10/10/18 the Defendants Community Manager Stephanie who replaced the Defendants former Community Manager Denise Hinojos attempted to reduce Plaintiff Barwick's deposit from $500.00 to $350.00 upon the signing of his 2nd lease. Plaintiff Barwick asserts that Defendant's Broadway Lofts LLC, Pacificap Management, Regional Manager Violeta K. Vitkova, Chad I. Rennaker and former Community Manager Denise Hinojos are in violation of his rights for their prohibited act of Setting Different Terms Conditions or Privileges for the Sale or Rental of a Dwelling a violation Fair Housing Act 42 U.S.C. §§ 3601-19, 42 U.S.Code § 12203. Prohibition against retaliation and coercion (a) RETALIATION. Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 – 12165 Title III of the Americans with Disabilities Act of 1990. Title III of the ADA Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c)(6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment 24 C.F.R. part 146. And 24 C.F.R. part 146 HUD Programs or Activities Receiving Federal Financial Assistance

9. Plaintiff Barwick asserts on July 16, 2020 she as well as Defendant's Regional Manager Violeta K. Vitkova to refuse to negotiate with Plaintiff directly for the apartment which was already promised to he and live-in caregiver her prohibited action violated federal statute by the prohibited act of setting different terms, conditions or privileges for sale or rental of the promised dwelling, is a violation of Plaintiff's rights under the Fair Housing Act 42 U.S.C. §§ 3601-19 Title III of the Americans with Disabilities Act of 1990. Title III of the ADA Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c)(6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment 24 C.F.R. part 146. And 24 C.F.R. part 146 HUD Programs or Activities Receiving Federal Financial Assistance

10. Plaintiff Barwick asserts that later that week on July 16, 2020 that the Defendants Broadway Lofts LLC, Pacificap Management former Community Manager Danielle, Regional Manager Violeta K. Vitkova, Chad I Rennaker all saw her showing the promised apt to persons not of his race and it was rented to a person not of his race age gender, disability or housing status.

CLAIM ONE: The Fair Housing Act & Americans with Disabilities Act., C.R.S. Title 38 Property Real and Personal § 38-12103 (1)(2)(a) and (b) Return of Security Deposit.

SETTING DIFFERENT TERMS CONDITIONS OR PRIVILEGES FOR SALE OR RENTAL OF A DWELLING. cont.

Supporting facts: 10. cont. Plaintiff Barwick asked Defendants then Community Danielle about it and she said, "Violeta, said, "We need to speak to Plaintiff's Section 8 case manager before renting to you. Plaintiff Barwick submits Defendants former Community Manager Danielle on July 16, 2020 did violate his rights by her refusal to rent under Fair Housing Act 42 U.S.C. §§ 3601-19 and 42 U.S.C. § 12203. Prohibition against retaliation and coercion Title III of the Americans with Disabilities Act of 1990. Title III of the ADA Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c)(6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment24 C.F.R. part 146. And 24 C.F.R. part 146 HUD Programs or Activities Receiving Federal Financial Assistance

FAIL OR DELAY PERFORMANCE OF MAINTENANCE OR REPAIRS

Plaintiff Barwick asserts that aforementioned actions of Defendants former Community Manager Gus Quinonez on May 14, 2020 again violated his rights on May 14, 2020 by Defendants former Community Manager Gus Quinonez again violated his rights when Plaintiff Barwick asked. "Gus when was he going replace his molded carpet and bathroom vanity and told him that it was unfair to raise his rent without them completing his work orders. Gus refused to have the Defendants maintenance persons complete any of his work orders. Fail or delay performance of maintenance or repairs under 42 U.S. Code § 12203.Prohibition against retaliation and coercion (a) Retaliation Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c)(6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment,

*"D. STATEMENT OF CLAIMS".*

CLAIM TWO: Conversion CRS §4-3-420 / Elements of Conversion

Elements of Conversion

Supporting facts: Plaintiff Barwick submits that it is a fact that on January 2, 2018, Plaintiff notified the Defendant's Broadway Plaza Lofts Property Manager Denise Hinojos and then Assistant Manager Joel Zavala of he and his caregivers Terrilyn Ereodo's trip to New Orleans for Mardi Gras and sent a copy of our itinerary to the Manager and then Assistant Manager Joel Zavala via e-mail on January 2, 2018. Plaintiff notified them that Megan Clark would be caring for Plaintiff's emotional assistance animals while we were away. Upon our return Plaintiff noticed that a grocery cart was missing from the apartment along with other things. On February 14, 2018 Plaintiff called Officer Brian Long responded I told him of the theft he said, "I'll do a report but you'll have give a detailed description of everything that was taken plaintiff gave him the eyeglasses that were missing 2 pairs of Ray bans and a pair of Parkers. Then Property Manager Denise Hinojos allowed the Plaintiff to review the surveillance tapes as there were 4 cameras on his floor for 2 days with Defendant's then secretary Arnell whose brother was then Assistant Manager Joel Zavala. On February 14, 2018 Plaintiff called DPD Officer Brian Long responded I told him of the theft he said, "I'll do a report but you'll have give a detailed description of everything that was taken Plaintiff gave him the eyeglasses that were missing 2 pairs of Ray bans and a pair of Parkers.

*"D. STATEMENT OF CLAIMS".*

CLAIM TWO: Conversion CRS §4-3-420 / Elements of Conversion

Elements of Conversion(Cont.)

Supporting facts: 1. Plaintiff Barwick Submits that the Defendant's Property Manager Denise Hinojos, Regional Manager Violeta Vitkova, Chad I. Rennaker and Broadway Plaza lofts LLP. Managed by PacifiCap Management Inc. all knew or should have known of this incident.

2. In April 2018 Plaintiff saw Assistant Manager Joel Zavala wearing a pair the glasses that had been reported stolen on 2 occasions. Plaintiff Barwick owns or has the right to possess the personal property in question: they are his prescription glasses 2nd that the Defendant's both Joel Zavala and significant other Salvador Rai Valles intentionally interfered with the plaintiff's personal property (sometimes also described as exercising "dominion and control" over it by having Plaintiff Barwick's prescription glasses in their home for their use and not his own.); 3rd, that the interference deprived the Plaintiff of possession or use of his prescription glasses the personal property in question; and 4th, that the interference caused damages to the Plaintiff by the fact that he couldn't see forcing him to buy readers damaging his eyesight. Plaintiff submits that it a fact that at the time the glasses disappearances they lived together on the 9th floor making them both guilty of state law CRS §4-3-420 / Elements of Conversion.

3. Plaintiff Submits that the Defendant's Property Manager Denise Hinojos, Regional Manager Violeta Vitkova, Chad I. Rennaker and Broadway Plaza lofts LLP. Managed by PacifiCap Management Inc. knew or should have known of this incident and should have known of the incidences as the Plaintiff reported them to management as well as the Police.

4. Plaintiff submits that he was unable to report all that was missing at that time but at a later time did report to DPD Officer Alex Enriquez, on 10/15/2018. Plaintiff submitted the following items as stolen: Claim DPD Case No: 18-303696 : Silk pajamas ($200), two sets of Dominos, African Hat ($60), two dishwashing racks ($20), Original Certificate of Live Birth, three knives ($350), three watches ($3634.94), baseball cap ($50), two jerseys ($600), two pairs of gloves ($150), 12 pairs of boots and shoes ($22,525), speakers ($400), family pictures, and a ring for a total value of at least $27,604.94. Plaintiff Submits that the Defendant's Property Manager Denise Hinojos, Regional Manager Violeta K. Vitkova, Chad I. Rennaker and Broadway Plaza lofts LLP. Managed by PacifiCap Management Inc. knew or should have known of this incident.

*"D. STATEMENT OF CLAIMS".*

CLAIM TWO: Conversion CRS §4-3-420 / Elements of Conversion Colorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment, but a violation of federal law Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19 ("FHA")

Elements of Conversion(Cont.)

5. Plaintiff Barwick submits the fact that none of these items have been returned nor has he been compensated for any of them. Plaintiff submits that he told the Defendant's Regional Manager Violeta Vitkova who asked, "Didn't you have insurance?" Plaintiff stated, "it wouldn't make a difference if I did as there was no sign of forced entry." Plaintiff Barwick submits the fact that after his response the phone either dropped the call or she hung up. Plaintiff submits that this is not only a violation of state law C.R.S §4-3-420 / Elements of Conversion laws Colorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment, but a violation of federal law Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19 ("FHA")

6. Plaintiff Barwick submits that the Defendant's then Property Manager Denise Hinojos Regional Manager Violeta Vitkova, Chad I. Rennaker and Broadway Plaza lofts LLP. Managed by PacifiCap Management Inc. knew, or should have known of this incident. Plaintiff submit that this is not only a violation of state laws C.R.S §4-3-420 / Elements of Conversion laws Colorado Revised Statutes Title 18. Criminal Code§ 18-4-203 Second degree burglary and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment, but a violation of federal law Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19 ("FHA") D4.

7. Plaintiff Barwick submits that it is a fact In April 2018 Plaintiff saw the Maintenance Supervisor Francisco in the 1st floor garage while walking with his girlfriend. Francisco walked up us as if he was going to speak but did not constantly tugging at his hat. Plaintiff submits that it was his hat, 1st Plaintiff Barwick owns or has the right to possess the personal property in question his hat and 2nd Francisco intentionally interfered with the plaintiff's personal property (sometimes also described as exercising "dominion and control" over it by having Plaintiff Barwick's hat in their home for their use and not his own.); 3rd that his interference deprived the Plaintiff of possession or use of his own the personal property in question that is his hat that a few days later it was left Plaintiff's apt in the middle of the floor; and 4th, that the interference caused damages to the Plaintiff by the fact that he or girlfriend couldn't feel safe and didn't feel safe in his own home.

8. Plaintiff submits it's a fact that on May 16, 2018 Plaintiff was using a pair of readers to see the small print on a cake box when his emotional assistance animal had to go outside.

*"D. STATEMENT OF CLAIMS".*

CLAIM TWO: Conversion CRS §4-3-420 / Elements of Conversion Colorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment, but a violation of federal law Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19 ("FHA")

Elements of Conversion(Cont.)

Supporting facts, 8.cont Plaintiff Barwick put his glasses on the counter and took the dog out upon his return the glasses as well as the case they came in was gone. Someone in the Defendant's employ who possessed a key and came in the Plaintiff's Apartment and intentionally interfered with the plaintiff's personal property (sometimes also described as exercising "dominion and control" over it by having Plaintiff Barwick's reading glasses in their home for their use and not his own.) Plaintiff Barwick then called Det. Patrick Walker of D.P.D. notifying of the burglary and he stated, "Are you going to bitch about a $2.00 pair of glasses?" 3rd, that the interference deprived the Plaintiff of possession or use of his own the personal property in question his readers Plaintiff stated, "yes but my main concern is the fact that someone is coming into my home and taking things with no signs of forced entry oh and by the way the glasses are "Eyeballers" and they are valued at $100.00." 4th that the interference caused damages to the Plaintiff by the fact that he or girlfriend couldn't feel safe and didn't feel safe in his own home. Plaintiff submits that this is not only a violation of state laws C.R.S §4- 3-420 I Elements of Conversion laws Colorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment, but a violation of federal law Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19 ("FHA").

9. Plaintiff submits it's a fact that on May 19, 2018 he and his girlfriend the mother-in-law of recently appointed Judicial Officer were asleep in the waiting on the wedding of Megan Markel and Prince Harry in London, England. Plaintiff Barwick supplemented his diet through a food bank and had received produce carrots and the like but she and he went to King Soopers to get breakfast food prior to going to bed. Plaintiff Barwick set his alarm for 3:00 am but woke up early and went to the refrigerator to get something to drink only to find the glasses sitting on top the bacon he just bought that he had reported to Det. Patrick Walker of D.P.D. earlier in the week.

10. Plaintiff Barwick immediately called the police. Two D.P.D Officer's responded Officer Brian Long one a White Male whom I knew because he was the D.P.D Officer who responded to the theft of Plaintiff Barwick's property while he was in New Orleans the other was Hispanic and also Male and he took the lead. Plaintiff explained the situation and showed him the evidence as it sat in his refrigerator. The officer appeared visually agitated and said, "Here's your glasses somebody's just fucking with you!" Plaintiff responded, "fucking with me hell I am paying rent!" I then told them, "That I am not by myself." That's when my girlfriend appeared in the bedroom doorway and stated no he's not. As the glasses where in a leather case the plaintiff asked if they would test for fingerprints the lead officer declined and initially declined to even do a report. Plaintiff had his girlfriend bag the evidence using tongs while he videotaped the incident. Plaintiff submits that this is not only a violation of state laws C.R.S §4-3-420 / Elements of Conversion laws Colorado Revised Statutes Title 18. Criminal Code § 18-4-203 Second degree burglary and federal law and federal law 24 CFR § 100.600-Quid pro quo hostile environment harassment, but a violation of federal law Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3601-19 ("FHA")

CLAIM THREE: 42 U.S. Code § 12203. Prohibition against retaliation and coercion (a) RETALIATION

Supporting facts: Plaintiff Barwick asserts that under 42 U.S. Code § 12203. Prohibition against retaliation and coercion (a) RETALIATION No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

Plaintiff, Barwick asserts that filed 2 charges of discrimination with the STATE OF COLORADO Department of Regulatory Agencies Civil Rights Division (DORA) Charge No. FH2018474259, HUD Charge No. 08-18-7963-8 against the Defendant's Broadway Lofts LLC, Pacificap Management former Community Manager Denise Hinojos, and Assistant Community Manager Joel Zavala Jr., for their prohibited discriminatory housing practices. FTF No lease.

Plaintiff, Barwick asserts that filed his 2nd charge of discrimination with the STATE OF COLORADO Department of Regulatory Agencies Civil Rights Division (DORA) Charge No. FH2018474259, HUD Charge No. 08-18-7963-8 against Defendant's Broadway Lofts LLC, Pacificap Management former Community Manager Gus Quinonez for his prohibited discriminatory housing practices in retaliation for Plaintiff Barwick filling 1st Charge of Discrimination against the above named Defendants all. Darwynn L. Barwick, REL FTF Fail or delay performance of maintenance repairs

Plaintiff attaches to this his complaint/lawsuit in Civil Action No 1:21-cv-01394-LTB/GPG a copy of his letter from STATE OF COLORADO Department of Regulatory Agencies Civil Rights Division (DORA) Charge No.FH2018474259, HUD Charge No. 08-18-7963-8 an administrative agency that authorized him to file his lawsuit on 06/18/2019. Plaintiff Barwick asserts that its relevance is that his filling is timely and it supports his claims that he is a member of protected of groups protected by the Fair Housing Act. & Americans with Disabilities Act. Plaintiff Barwick asserts that this Most Honorable Court please see the attached, 6-page letter from STATE OF COLORADO Department of Regulatory Agencies Civil Rights Division (DORA) Charge No. FH2018474259, HUD Charge No. 08-18-7963-8 dated 06/18/2019 his "EXHIBIT A. is already in evidence.

Darwynn L. Barwick Plaintiff is Disabled, African-American Male and a HUD/ Section 8 client that is a member of Protected Classes who leased with Defendants Broadway Plaza lofts. LLP, Managed by Pacificap Management Inc. at 2330 Broadway in apartment #607 from October 1, 2013 until August 31, 2020 as the Defendant'stenant in downtown Denver, Colorado.

**EXHIBIT A**

COLORADO
Department of
Regulatory Agencies
Colorado Civil Rights Division

Charge No. FH2018474259
HUD Charge No. 08-18-7963-8

| | |
|---|---|
| Darwynn Barwick<br>2330 Broadway Street<br>Apartment 607<br>Denver, CO 80205 | Complainant |
| Broadway Plaza Lofts, LLLP<br>2330 Broadways Street, Suite 106<br>Denver, CO 80205 | Respondent |
| PacifiCap Management, Inc.<br>2330 Broadways Street, Suite 106<br>Denver, CO 80205 | Respondent |
| Denise Hinojos<br>2330 Broadways Street, Suite 106<br>Denver, CO 80205 | Respondent |
| Joel Zavala<br>2330 Broadways Street, Suite 106<br>Denver, CO 80205 | Respondent |

## DETERMINATION

### Jurisdiction

Under the authority vested in me by C.R.S. 24-34-306 (2), I conclude from our investigation that there is insufficient evidence to support the Complainant's claim of discrimination. As such, a **No Probable Cause** determination is hereby issued.

The Respondents are a person within the meaning of C.R.S. 24-34-501 (3), as re-enacted, and the timeliness and all other jurisdictional requirements pursuant to Title 24, Article 34, Parts 3 and 5 have been met.

**EXHIBIT A**

COLORADO
Department of Regulatory Agencies
Colorado Civil Rights Division

Charge No. FH2019410419
HUD Charge No. 08-19-9587-8

| | |
|---|---|
| Darwynn Barwick<br>2330 Broadway<br>#607<br>Denver, CO 80205 | Complainant |
| Broadway Plaza Lofts, LLLP<br>2330 Broadway Street<br>Suite 106<br>Denver, CO 80205 | Respondent |
| PacifiCap Management, Inc.<br>2330 Broadway Street<br>Suite 106<br>Denver, CO 80205 | Respondent |
| Gus Quinonez<br>PacifiCap Management, Inc.<br>2330 Broadway Street<br>Suite 106<br>Denver, CO 80205 | Respondent |

## DETERMINATION

### Jurisdiction

Under the authority vested in me by C.R.S. 24-34-306 (2), I conclude from our investigation that there is insufficient evidence to support the Complainant's claim of discrimination. As such, a **No Probable Cause** determination is hereby issued.

**EXHIBIT A**

Respondent Broadway Plaza Lofts ("Broadway Plaza") is a low-income housing property with approximately 228 units located at 2330 Broadway at 2330 Broadway Street, Denver, CO 80205. Respondent PacifiCap Management, Inc. ("PacifiCap") is the property management company of the subject property. Respondent Denise Hinojos ("Hinojos")(protected class status not disclosed) is the current Property Manager of the subject property. Respondent Joel Zavala ("Zavala")(protected class status not disclosed) was the Assistant Manager until June 15, 2018.

## Allegations and Defenses

The Complainant alleges that on or about January 12, 2018, prior thereto and continuing, Respondent Broadway Plaza Lofts, LLLP, as Owner of the subject property located at 2330 Broadway Street, Denver, CO, acting by and through Respondent PacifiCap, Respondent Hinojos, and Respondent Zavala, its agents and employees, subjected the Complainant to discriminatory terms, conditions, privileges, or services and facilities of said housing because of the Complainant's race/color (African-American/Black), and/or disabilities (physical and mental).

The Respondents deny the allegations of discrimination. The Respondents contend that they did not refuse to give the Complainant a new lease, but rather were waiting on Denver Housing Authority to approve a rent increase before they could sign a new lease. The Respondents deny removing any personal items from Complainant's apartment and assert that there is a record of the Complainant as a tenant.

## Relevant Policies and Comparative Data

The Complainant receives assistance from Denver Housing Authority ("DHA"). According to Respondent Broadway Plaza and Respondent PacifiCap's policy, in order for a housing resident to be renewed, DHA has to approve the renewal lease and approve the rent increase, if there is one. Once DHA approves the tenant's lease renewal, the Respondents will offer the tenant a renewal lease to sign.

The Respondents aver that approximately 22% of the tenants at the subject property are African-American, 49% are Caucasian, and the remaining percentage includes other races, including Hispanic, Asian, and Native American. The Respondents maintain that Respondent Broadway Plaza rents to disabled tenants.

## Legal Framework

In this case, the Complainant has the burden to prove each element of each claim ("prima facie case") by a preponderance of the evidence. Preponderance of the evidence means evidence that is more convincing (even if minimally) than the evidence presented by the other party. If the Complainant meets this initial burden of proof, then the burden shifts to Respondents to provide a legitimate, non-discriminatory reason for the action taken. If the Respondents offer a legitimate, non-discriminatory reason for its action, the burden shifts back to the Complainant to prove that the reason

**EXHIBIT A**

asserted by the Respondents is a pretext or coverup for a discriminatory action. Colorado Civil Rights Commission v. Big O Tires, Inc., 940 P.2d 397 (Colo. 1997), and Ahmad Bodaghi and State Board of Personnel, State of Colorado v. Department of Natural Resources, 995 P.2d 288 (Colo. 2000).

Analysis

Disability:

1. The Complainant is a person with a disability if he or she has a physical or mental impairment that substantially limits one or more of his or her major life activities, has a record of a disability or is regarded as having a disability.
   a. Whether a person has a physical or mental impairment is broadly interpreted and includes a physiological disorder or condition, cosmetic disfigurement or anatomical loss affecting one or more body systems, such as neurological, musculoskeletal, special sense organs, respiratory, speech organs, cardiovascular, reproductive, digestive, genito-urinary, hemic, lymphatic, skin, endocrine, or any mental or psychological disorder, such as an intellectual disability, traumatic brain injury, emotional or mental illness, and specific learning disabilities.
   b. To qualify as a substantial limitation, a person's physical or mental impairment must limit a major life activity to a significant degree.
   c. Factors to consider in determining whether an individual is substantially limited in a major life activity include the nature and severity of the impairment, the duration of the impairment, and the actual or expected permanent or long-term impact of the impairment. An impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active. The determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures.
   d. Major life activity includes functions that are of central importance to daily life, such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, reading, concentrating and working. It also includes the operation of major bodily functions including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine and reproductive functions.
   e. A person is considered to have a record of a disability if he or she has a history of a substantially limiting impairment, regardless of whether he or she is currently limited in the performance of one or more major life activities.

**EXHIBIT A**

The Complainant is a person with a mental disability which substantially limits one or more major life activities. The Complainant provided documentation discussing his mental disability. As such, he is considered to be a person with a disability.

Discriminatory Terms While Negotiating a Lease/Mental Disability:

1. The complainant is a member of a group protected by the Fair Housing Act.
2. The complainant was the respondent's tenant.
3. The respondent imposed unfavorable or less favorable terms or conditions on the complainant's tenancy.
4. The respondent did not impose such terms or conditions on similarly situated inquirers/applicants not of the complainant's protected class

The Complainant is African-American/Black and lives with a disability which substantially limits one or more major life activities. The Complainant avers that he was placed on a month-to-month tenancy after his lease expired, but other residents outside of his protected classes were offered leases. He also contends that he is not recorded as a tenant, despite paying rent for several years, and believes that other tenants not of his protected classes are officially recorded as residing at the subject property. There is insufficient evidence to support the Complainant's allegations. The Respondents provided documents to refute the Complainant's first allegation which showed that the Complainant was put on a month-to-month lease along with 18 other tenants on a temporary basis until DHA approved the rent increase for the following year. The Respondents also provided the Complainant's lease, payment history, and items from his tenant file to refute the Complainant's claim that he was not recorded as a tenant. Given the Respondents' overwhelming evidence, the Division finds that there is insufficient evidence of discrimination.

Based on the evidence contained above, I determine that the Respondents have not violated C.R.S. 24-34-502, as re-enacted.

Appeal and Dismissal Information

In accordance with C.R.S. 24-34-306(2)(b)(I)(A) and Rule 10.6(A)(1) of the Commission's Rules of Practice and Procedure, the Complainant may appeal the dismissal of this claim to the Commission within ten (10) days, as set forth in the enclosed form.

If the Complainant wishes to file a civil action in an appropriate United States District Court or State district court in this state, which action is based on the alleged discriminatory housing practice that was the subject of the charge filed with the Colorado Civil Rights Commission/Division and the Office of Fair Housing and Equal Opportunity, U.S. Department of Housing and Urban Development (HUD), she must do so:

**EXHIBIT A**

a. No later than two years after the occurrence or termination of the alleged discriminatory housing practice, whichever occurs last;

b. The computation of this two year time period does not include any time during which an administrative proceeding was pending before HUD or the Colorado Civil Rights Commission/Division. Note that this does not mean that the Complainant has two years from the date of this notice. The computation of the two years also includes any time between the last discriminatory act and the date the Complainants filed a complaint with HUD and/or the Colorado Civil Rights Commission/Division.

If the Complainant does not file an action within the time limits specified above, such action will be barred and no United States District Court or State District Court shall have jurisdiction to hear such action. [C.R.S. 24-34-306(2)(b)(I)(A),(B),(C); [24-34-505.6(1)(2) ]; and [42 U.S.C. 3613(a)(1)(A)(B)].

Note to Parties: The investigation of this complaint was conducted by the Colorado Civil Rights Division. The investigation was conducted to determine whether the Colorado Anti-Discrimination Act, an act that has been determined to be substantially equivalent to the federal Fair Housing Act, was violated. The Colorado Civil Rights Division made the determination in this matter. Review or re-consideration of the determination must be addressed to the Colorado Civil Rights Commission through the appeals process, as described above.

On Behalf of the Colorado Civil Rights Division

Aubrey Elenis, Director
Or Authorized Designee

6/18/2019
Date

## E. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

SEE ATTACHED

## F. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Newsom L. Barwick
(Plaintiff's signature)

04/08/2022
(Date)

# REQUEST FOR RELIEF

Wherefore, Darwynn L. Barwick Plaintiff a 64-year-old African American Disabled and a HUD/ Section 8 Client he respectfully requests that the Court grant the following relief:

a. A declaratory judgment finding the actions of all the Defendants the Fair Housing Act 42 U.S.C. §§ 3601-19, Title II of the Americans with Disabilities Act of 1990 42 U.S.C. §§ 12131 12165 Title III of the Americans with Disabilities Act of 1990 42 U.S.C. § 12181 — 12189 and Title III of the ADA

b. A judgment finding that the defendants all did violate Fair Housing Act 42 U.S.C. §§ 3601-19 Quid Pro Quo and Hostile Environment Harassment § 100.400, add paragraph (c)(6) Subpart H—Quid Pro Quo and Hostile Environment Harassment § 100.600 Quid pro quo and hostile environment harassment 24 C.F.R. part 146.

c. A judgment finding that the actions of the Defendants constitute negligent infliction of emotional distress and breach of contract.

d. A judgment finding that the Defendant's prior Property Managers Denise Hinojos, Gus Quinonez and Assistant Manager Joel Zavala Broadway Plaza lofts LLP Managed by Pacificap Management Inc in violation of C.R.S § 38-12-503, C.R.S S 38-12-505 "Uninhabitable residential residence premises"

A permanent injunction prohibiting the Defendants from continuing to engage in the illegally discriminatory conduct alleged in this complaint, including without limitation, ordering defendants to take actions or steps reasonably calculated to resolve any and all complaints of neighbor on neighborhood harassment on the basis of age race, color or any other ground prohibited by the fair housing act of 1968.

e. Compensatory damages in the amount of $128,650 to fully compensate Plaintiff for out of pocket rent and his stolen property.

f. Compensatory damages in the amount that would fully compensate the plaintive for the loss of enjoyment humiliation and embarrassment physical harm and emotional distress and mental anguish caused by the defendants' violations of the law; Punitive damages in an amount that would punish the defendants for willful, wanton, and reckless misconduct and indifference as alleged in this Complaint and that would effectively deter the defendants from future discriminatory behavior.

g. All other relief deemed just and equitable by the court to include but not limited to the Defendant's all Insurances Full Policy Limits on their homes and or businesses.

h. Darwynn L. Barwick Plaintiff a 64-year-old African American Disabled and a HUD/ Section 8 Client he respectfully requests that the Court grant the following relief: A trial by a Jury of his peers.